FILED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

18 MAR 23  A II: 57

| | |
|---|---|
| **NELSON VALLE,** | **CASE NO:** |
| Plaintiff, | |
| | **47 U.S.C § 227 *et seq.*** |
| v. | ***Conn. Gen. Stat.* § 42-110 *et seq.*** |
| **MRS BPO, LLC.,** | 3:18CV493 AVC |
| **SENTINEL OFFENDER SERVICES,** | |
| **NATIONAL RECOVERIES, INC.,** | |
| **CHOICE ONE PIZZA,** | |
| **GC SERVICES LIMITED PARTNERSHIP,** | **VERIFIED PETITION** |
| **ENHANCED RECOVERY COMPANY, LLC.,** | |
| **CONVERGENT OUTSOURCING,** | |
| **AARONS/SEI,** | |
| **THE CBE GROUP,** | |
| **BUCKEYE IMPACT GROUP, LLC.,** | **TRIAL BY JURY REQUESTED** |
| Defendant(s). | |

## NATURE OF ACTION

*For Our Cause, Plaintiff Affirms:*

This Petition seeks recovery for damages--actual, statutory, treble and punitive, for business practices in contravention to Consumer privacy. Specifically, this Enforcement identified the placement of non-emergency mobile calls[1] by means of automation--outside the scope of the Consumer's consent, federal law and Connecticut public policy.[2]

## I. JURISDICTION AND VENUE

**1.1**    Jurisdiction of this Court arises by federal question(s) at *28 U.S.C. §1331*;[3] and *47 U.S.C. §227(b)(3)*; Supplemental jurisdiction arises at *28 U.S.C. §1367*.

**1.2**    Venue is proper by way of 28 U.S.C. §1391b; Also in that the Consumer has received the subject communications in Connecticut. This Court has jurisdiction.

## II. PARTIES

**2.1**    Plaintiff Nelson Valle, ("Valle" or "Consumer") is a natural person in Connecticut subject to the communication practices asserted herein. Valle's cell number(s) are 860-xxx-xxxx and 860-xxx-xxxx.[4]

**2.2**    Defendant **MRS BPO, LLC.,** ("MRS" or "Defendant") is a business located at 1930 Olney

---

[1] And partial VOIP communication[s] alleged against MRS exclusively.

[2] In compliance with *C.G.S § 42-110g(c)*, copies of this Complaint have been sent to both the Attorney General and the Commissioner of Consumer Protection.

[3] *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

[4] Each company named in this Petition has been furnished the dialed number(s) in question or alternatively counsel has.

VERIFIED PETITION
- 1

c/o Nelson Valle
80 State House Square #125
Hartford, CT 06123
305-791-8959
rvx22@live.com

Avenue Cherry Hill, NJ 08003.

**2.3**    Defendant **SENTINEL OFFENDER SERVICES**, ("SENTINEL" or "Defendant") is a business located at 201 Technology Dr. Irvine, CA 92618.

**2.4**    Defendant **NATIONAL RECOVERIES, INC.**, ("NRI" or "Defendant") is a business located at 14735 Highway 65 Ham Lake, MN 55304.

**2.5**    Defendant **CHOICE ONE PIZZA**, ("CHOICE" or "Defendant") is a business located at 24 New Britain Ave, Hartford, CT 06106.

**2.6**    Defendant **GC SERVICES LIMITED PARTNERSHIP**, ("GC" or "Defendant") is a business located at 6330 Gulfton Houston, TX 77081.

**2.7**    Defendant **ENHANCED RECOVERY COMPANY**, ("ENHANCED" or "Defendant") is a business located at 8014 Bayberry Road Jacksonville, FL 32256.

**2.8**    Defendant **CONVERGENT OUTSOURCING**, ("CONVERGENT" or "Defendant") is a business located at 800 SW 39th Street Renton, WA 98057.

**2.9**    Defendant **AARONS/SEI**, ("AARONS" or "Defendant") is a business located at 309 East Paces Ferry Road NE, Atlanta, Georgia 30305.

**2.10**    Defendant **THE CBE GROUP**, ("CBE" or "Defendant") is a business located at 1309 Technology Parkway, Cedar Falls IA, 50613.

**2.11**    Defendant **BUCKEYE IMPACT GROUP, LLC.**, ("BUCKEYE" or "Defendant") is business located at 128 S Main St, Clyde, OH 43410-1633.

## III. TRADE AND COMMERCE

**3.1**    The Consumer alleges and incorporates the information in preceding paragraphs. *Applicable To ALL Defendant[s] And Plead As if Singularly Alleged To Each Defendant[5]*

**3.2**    Defendant, at all times as described below, performed and engaged in conduct constituting trade and profit.

**3.3**    Defendant, at all times as described below, performed and engaged in the practice of aggregating, confirming, maintaining consumer data, (eg., data mining, skip tracing, etc.) for the purpose of soliciting discounted consumer-related products and services—eg, appliances, pizza, credit information, etc., or reselling said data for other marketing purposes.

**3.4**    According to the Public Utility Commission of Texas-- **MRS**, **GC**, **CONVERGENT**, **ENHANCED** and **CBE** are registered with dialing equipment capable of announcing automated messages.[6]

**3.5**    According to the Public Utility Commission of Texas, an Automatic Dial Announcing Device ("ADAD"), is a mechanism that sends or is capable of sending unsolicited recorded messages .

---

[5]Except where indicated. ie.  ¶3.4

[6]See www.puc.texas.gov (last visited February 22nd 2018)

**VERIFIED PETITION**
- 2

c/o Nelson Valle
80 State House Square #125
Hartford, CT 06123
305-791-8959
rvx22@live.com

## IV. <u>FACTUAL ALLEGATIONS - GENERAL</u>

**4.1**    The Consumer alleges and incorporates the information in preceding paragraphs. *Applicable To ALL Defendant[s] And Plead As if Singularly Alleged To Each Defendant*

**4.2**    The Consumer's cell phone[s] services are limited in phone minutes and consequently incurs charges for phone/data usage per call and/or minutes used.

**4.3**    The Consumer was the person subscribing to the called number(s) at the time the call(s) were made.

**4.4**    The TCPA prohibits the use of any artificial or prerecorded voice in such calls. "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention."[7]

**4.5**    The defendant (and/or its affiliates) used dialing technology, equipment, software, to call the Consumer.

**4.6**    Upon information and belief, the dialing equipment defendant used had the capacity to dial numbers as part of a dialing platform , where batches of telephone numbers are loaded into a system, the system automatically dials the numbers.[8]

**4.7**    Upon information and belief, the dialing equipment the defendant used in placing calls to the Consumer  utilized a mechanism devoid of human  intervention wherein  the equipment would harvest phone numbers in its database on a set of criteria, to then dial a high volume of phone numbers  ("blasting") often leaving the recipient waiting for a human to respond based on the recipients order in responding to the automated placed call.

## V. <u>FACTUAL ALLEGATIONS – MRS</u>

**5.1**    The Consumer alleges and incorporates the information in preceding paragraphs.

**5.2**.    At all time material, **MRS** placed calls originating from phone number(s) known to be utilized by them[9]: **855-406-7754** and/or **860-556-4079** and/or **305-390-2475** and/or **305-509-6276** and/or **305-602-5296** and/or **305-509-6276**.

**5.3**    **MRS** is liable for any action(s) of its employees committed within the scope and line of their employment.

**5.4**    **MRS** placed calls to Valle  – ("a. –_" - "on or around date" ["at or about time"]) incorporated to each of the following -

---

[7] *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D.Ill. Aug. 16, 2011)(emphasis original)

[8] Id. § 227(a)(1). The Federal Communications Commission ("FCC") slightly altered this  definition in its regulations. The FCC determined that "equipment that dials a list of numbers  (such as a business's list of customers), rather than dials random or sequential numbers, is still an ATDS, because 'the basic function of such dialing equipment' is the same—'the capacity to dial  numbers without human intervention.'" *Gragg v. Orange Cab Co.*, No. C12-0576RSL., 2013 WL  1788479, at *2 (W.D. Wash. Apr. 26, 2013) (quoting Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 73 Fed. Reg. 6041, 6042 (Feb. 1, 2008)).

[9] or caused a third-party to place calls on their behalf.

**VERIFIED PETITION**
- 3

c/o Nelson Valle
80 State House Square #125
Hartford, CT 06123
305-791-8959
rvx22@live.com

| | | | |
|---|---|---|---|
| 1.05/31/14 [12:14 PM] | 2.05/24/14 [11:51 AM] | 3.06/17/14 [7:14 PM] | 4.06/20/14 [11:35 AM] |
| 5.06/21/14 [1:56 PM] | 6.06/23/14 [1:16 PM] | 7.06/25/14 [1:03 PM] | 8.06/26/14 [2:24 PM] |
| 9.06/28/14 [1:02 PM] | 10.07/07/14 [4:53 PM] | 11.12/08/14 [12:45 PM] | 12.12/08/14 [6:37 PM] |
| 13.12/09/14 [1:27 PM] | 14.12/09/14 [4:12 PM] | 15.12/12/14 [12:53 PM] | 16.12/15/14 [2:09 PM] |
| 17.12/15/14 [4:31 PM] | 18.12/16/14 [10:41 AM] | 19.12/16/14 [1:58 PM] | 20.12/17/14 [9:31 AM] |
| 21.12/17/14 [12:38 PM] | 22.12/17/14 [4:09 PM] | 23.12/17/14 [4:10 PM] | 24.12/17/14 [7:52 PM] |
| 25.12/18/14 [9:36 PM] | 26.12/19/14 [9:40 AM] | 27.12/22/14 [9:47 PM] | 28.12/22/14 [2:16 PM] |
| 29.12/23/14 [9:49 AM] | 30.12/23/14 [2:06 PM] | 31.12/23/14 [3:01 PM] | 32.12/23/14 [7:31 PM] |
| 33.12/24/14 [1:27 PM] | 34.12/29/14 [10:16 AM] | 35.12/29/14 [1:49 PM] | 36.12/29/14 [2:06 PM] |
| 37.12/30/14 [10:18 AM] | 38.12/30/14 [11:06 AM] | 39.12/30/14 [3:04 PM] | 40.12/31/14 [12:37 PM] |
| 41.12/31/14 [3:51 PM] | 42.01/02/15 [9:37 AM] | 43.01/05/15 [10:14 AM] | 44.01/06/15 [10:26 AM] |
| 45.01/07/15 [9:50 AM] | 46.01/08/15 [11:44 AM] | 47.01/08/15 [11:45 AM] | 48.01/09/15 [12:17 PM] |
| 49.01/12/15 [10:04 AM] | 50.01/12/15 [12:36 PM] | 51.01/14/15 [1:57 PM] | 52.01/14/15 [6:29 PM] |
| 53.01/15/15 [9:55 AM] | 54.01/16/15 [1:54 PM] | 55.01/19/15 [3:16 PM] | 56.01/20/15 [11:48 PM] |
| 57.01/21/15 [4:18 PM] | 58.01/22/15 [4:47 PM] | 59.01/26/15 [1:31 PM] | |

**5.5**   **MRS** did not manually place call—as indicated above, ("a. -_" - "on or around date" ["at or about time"] to Valle.

**5.6**   **MRS** was never given prior invitation or permission by the Consumer to call him at the number(s) at issue.

**5.7**   **MRS'** calls were not an emergency.

**5.8**   **MRS'** communications delivered -
   **a.** prerecorded message announcing, *"this call maybe recorded..."* and/or the Consumer heard a pause that then featured no responsive human interaction within 2 – 4 seconds of answering.

   **b.** prerecorded message announcing unintelligible message(s) in Indian/Hindu[?].

   **c.** solicited interest or otherwise funneled the Consumer to reach a recorder so as to disclose personal information.

**5.9**   **MRS's** was at all time material in the practice of restricting the Consumer from -

   **a.** a means [phone number or automated opt out] by which he could request a cessation of violative/unwanted calls.

   **b.** identifying—the name of caller and/or entity on whose behalf the call is being made.

**5.10**   The Consumer attempted to greet MRS on a minimum of *15* separate occasions.

**5.11**   **MRS** placed a minimum of *59* calls to the Consumer.

**5.12**   **MRS'** ADAD permit number is *090147*.

**5.13**   On or about, March 20, 2012, the Consumer filed suit against **MRS** in Connecticut for contacting the Consumer by means of automation.[10] The Consumer previously attempted to -

   **a.** seek assistance and clarification from **MRS**, yet was denied the ability to speak with a

---

[10]See Case 3:12-cv-00421 presided by the Honorable Judge Warren W. Eginton.

**VERIFIED PETITION**
- 4

c/o Nelson Valle
80 State House Square #125
Hartford, CT 06123
305-791-8959
rvx22@live.com

manager or person in charge regarding **MRS'** communications.

   **b.** remove his number from **MRS'** system with an agent prior to the placed calls by **MRS** to the Consumer.

   **c.** remove his number through an automated opt out system (no human interface or contact) prior the phone calls in question.

   **d.** establish that no relationship—business or otherwise, existed between Valle and **MRS** necessitating communications of any kind.

**5.14**   **MRS** assured Valle that **MRS** would honor his request to remove his number from their list prior to each call subject to this Petition as he was personally assured that he would not be robocalled again.

**5.15**   On or about May 24th 2014, the Consumer *again* began fielding **MRS'** robocalls.

**5.16**   **MRS'** automated calls did not disclose neither the identity nor purpose of the calls.

**5.17**   **MRS's** action were intentional by knowingly disregarding the Consumer's express requests to discontinue calling him.

**5.18**   According to **MRS's**, Valle had no obligation or contract performance[s] which existed between he and **MRS** at the time he again began fielding **MRS** calls.

**5.19**   In contravention to previous said requests, **MRS** began robocalling both Valle's previous number [VOIP][11],—to which was the subject of said legal action *and* his cell phone.

**5.20**   Upon reasonable suspicion, **MRS** placed several calls to the Consumer  from undisclosed locations wherein the Consumer's phone could not determine the identity of the inbound caller—**MRS**.

**VI. FACTUAL ALLEGATIONS – SENTINEL**

**6.1**   The Consumer alleges and incorporates the information in preceding paragraphs.

**6.2**   At all time material, **SENTINEL** placed calls originating from spoofed phone number(s)[12] **949-452-1550** and/or indiscernible numbers that appeared as **1129** and/or **1141** and/or **1158** and/or **1140** and/or **1119**, etc.

**6.3**   **SENTINEL** is liable for any action(s) of its employees committed within the scope and line of their employment.

**6.4**   **SENTINEL** placed calls to Valle – ("**a.** -_" - "on or around date" ["at or about time"]) incorporated to each of the following -

---

[11]Which necessitated the previous lawsuit.
[12]or caused a third-party to place calls on their behalf.
**VERIFIED PETITION**
- 5

c/o Nelson Valle
80 State House Square #125
Hartford, CT 06123
305-791-8959
rvx22@live.com

| 1. 04/15/14 [11:15 PM] | 2. 04/16/14 [11:16 PM] | 3. 04/20/14 [01:46 PM] | 4. 04/20/14 [02:02 PM] |
|---|---|---|---|
| 5. 05/02/14 [04:33 AM] | 6. 05/02/14 [03:14 PM] | 7. 05/03/14 [05:12 PM] | 8. 05/07/14 [12:16 PM] |
| 9. 05/07/14 [06:18 PM] | 10. 05/11/14 [06:40 AM] | 11. 05/11/14 [06:40 AM] | 12. 05/17/14 [04:25 AM] |
| 13. 05/17/14 [05:42 AM] | 14. 05/17/14 [05:58 AM] | 15. 05/18/14 [12:35 AM] | 16. 05/18/14 [12:45 AM] |
| 17. 05/18/14 [09:23 PM] | 18. 05/18/14 [09:30 PM] | 19. 05/19/14 [02:28 AM] | 20. 05/19/14 [02:43 AM] |
| 21. 05/26/14 [05:56 AM] | 22. 05/30/14 [04:31 PM] | 23. 05/30/14 [04:33 PM] | 24. 05/31/14 [05:50 AM] |
| 25. 06/01/14 [05:34 AM] | 26. 06/01/14 [05:53 AM] | 27. 06/01/14 [06:09 AM] | 28. 06/01/14 [11:46 PM] |
| 29. 06/04/14 [02:52 AM] | 30. 06/15/14 [04:20 AM] | 31. 06/15/14 [04:23 AM] | 32. 06/15/14 [04:40 AM] |
| 33. 06/15/14 [04:56 AM] | 34. 06/15/14 [07:24 PM] | 35. 06/16/14 [08:01 AM] | 36. 06/16/14 [08:37 AM] |
| 37. 06/16/14 [09:04 AM] | 38. 06/19/14 [03:07 PM] | 39. 06/19/14 [08:36 PM] | 40. 06/19/14 [08:54 PM] |
| 41. 06/19/14 [09:11 PM] | 42. 06/23/14 [07:56 AM] | 43. 06/24/14 [12:25 AM] | 44. 06/24/14 [12:45 AM] |
| 45. 06/24/14 [01:00 AM] | 46. 06/25/14 [10:18:00 PM] | 47. 06/25/14 [10:36 PM] | 48. 06/29/14 [01:39 AM] |
| 49. 06/29/14 [02:03 AM] | 50. 06/29/14 [02:31 AM] | 51. 06/29/14 [07:39 AM] | 52. 06/30/14 [06:01 AM] |
| 53. 06/30/14 [06:24 AM] | 54. 06/30/14 [06:53 AM] | 55. 07/02/14 [02:34 PM] | 56. 07/02/14 [03:15 PM] |
| 57. 07/02/14 [06:44 PM] | 58. 07/02/14 [07:04 PM] | 59. 07/11/14 [04:53 AM] | 60. 07/14/14 [09:51 PM] |
| 61. 07/14/14 [09:52 PM] | 62. 07/15/14 [04:00 AM] | 63. 07/15/14 [04:05 AM] | 64. 07/16/14 [12:26 AM] |
| 65. 07/16/14 [12:27 AM] | 66. 07/19/14 [02:36 PM] | 67. 07/25/14 [09:42 AM] | 68. 07/25/14 [09:42 AM] |
| 69. 07/25/14 [09:42 AM] | 70. 07/25/14 [09:45 AM] | 71. 07/25/14 [09:58 AM] | 72. 07/25/14 [09:59 AM] |
| 73. 07/26/14 [05:37 AM] | 74. 07/26/14 [05:50 PM] | 75. 07/26/14 [05:56 PM] | 76. 07/27/14 [04:43 PM] |
| 77. 07/27/14 [05:01 PM] | 78. 07/27/14 [05:31 PM] | 79. 08/20/14 [04:52 PM] | 80. 09/04/14 [05:00 PM] |
| 81. 09/09/14 [01:51 AM] | 82. 09/09/14 [01:52 AM] | 83. 09/09/14 [01:53 AM] | 84. 09/09/14 [02:10 AM] |
| 85. 09/09/14 [06:18 AM] | 86. 09/16/14 [05:22 AM] | 87. 09/16/14 [05:41 AM] | 88. 09/16/14 [05:51 AM] |
| 89. 09/19/14 [05:19 AM] | 90. 09/19/14 [05:20 AM] | 91. 10/01/14 [04:13 PM] | 92. 10/02/14 [09:25 AM] |
| 93. 10/02/14 [09:44 AM] | 94. 10/02/14 [10:07:00 AM] | 95. 10/06/14 [09:15 AM] | 96. 10/06/14 [09:36 AM] |

**6.5**     SENTINEL <u>did not</u> manually place call—as indicated above, ("a. -_" - "on or around date" ["at or about time"] to Valle.

**6.6**     SENTINEL was never given prior invitation or permission by the Consumer to place call(s) him at the number(s) at issue.

**6.7**     SENTINEL's calls were not an emergency.

**6.8**     SENTINEL's placed calls delivered -
     **a.** prerecorded indiscernible message(s) , many announcing... *"Call is for [Dean]*...and/or...elevator like beep in background or otherwise the Consumer heard a pause that then featured no responsive human  interaction within 2 – 4 seconds of answering.

     **b.** solicited the Consumer to disclose personal information or call a center [ ?].

**6.9**     SENTINEL's was at all time material in the practice of restricting the Consumer  from -

     **a.** A means [phone number or automated opt out] by which he could request a cessation of violative/unwanted calls.

     **b.** Identifying—the name of caller and/or entity on whose behalf the call is being made.

     **c.** A means by which the Consumer could identify the in-bounding calls origination.

**6.10**     SENTINEL employed a practice of abandoning calls to the Consumer by failing to put a live representative on the line within seconds after the Consumer completed his greeting so as to allow the consumer to elicit the personal name of the agent/employee and the means by which he could contact said company.

**VERIFIED PETITION**
- 6

c/o Nelson Valle
80 State House Square #125
Hartford, CT 06123
305-791-8959
rvx22@live.com

1

2

**6.11**    Between May 11th 2014 and July 14th 2014, the Consumer was able to reach an agent/
employee(s) of **SENTINEL**, to which Valle informed said agent/employee(s) on *three* separate
occasions that they had the wrong number.

3

4

**6.12**    On June 25th 2014, prior to a spoofed call being abandoned, the Consumer was able to
illicit the undisclosed number's origin in which Valle heard the agent/employee disclose that said
call was originating on behalf of **SENTINEL**.

5

6

**6.13**    Despite Valle's attempted disclosure to **SENTINEL** that they had the wrong number on
or about May 11th 2014, the Consumer–between said date and September 19th 2014, was left to
field a <u>minimum</u> of *40* calls <u>**during the hours of 12:25 AM to 5:20 AM**</u> .  ("twilight calls")

7

8

9

**6.14**    **SENTINEL's** twilight calls were unfair in that they left the Consumer without a means of
stopping said calls awhile leaving him the task of attempting to attend *and* determine who was
calling, and otherwise disrupted his sleep, leaving him anxious, frustrated and tired.

10

**6.15**    The Consumer attempted to greet **SENTINEL** on a <u>minimum</u> of *18* separate occasions.

11

**6.16**    **SENTINEL** placed a <u>minimum</u> of *93* calls to the Consumer.

12

**6.17**    **SENTINEL's** placed calls were intentional by knowingly disregarding the Consumer's
previous express requests to discontinue calling him.

13

14

**6.18**    Upon reasonable suspicion, **SENTINEL** placed several calls to the Consumer from
undisclosed locations wherein the Consumer's phone could not determine or affirmatively
identify the inbound caller–**SENTINEL**.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFIED PETITION**
- 7

c/o Nelson Valle
80 State House Square #125
Hartford, CT 06123
305-791-8959
rvx22@live.com

## VII. FACTUAL ALLEGATIONS – NRI

**7.1**    The Consumer alleges and incorporates the information in preceding paragraphs.

**7.2**    At all time material, **NRI** placed calls originating from phone number(s) known to be utilized by them[13], **877-221-9729** and/or **860-455-4567** and/or **877-221-9729** and/or **860-282-5775**.

**7.3**    **NRI** is liable for any action(s) of its employees committed within the scope and line of their employment.

**7.4**    **NRI** placed calls to Valle  – ("a -_" - "on or around date" ["at or about time"]) incorporated to each of the following -

| | | | |
|---|---|---|---|
| 1. 09/23/14  [3:54 PM] | 2. 09/25/14  [9:54 AM] | 3. 09/27/14  [10:26 AM] | 4. 09/29/14  [9:42 AM] |
| 5. 09/29/14  [2:13 PM] | 6. 09/30/14  [10:36 AM] | 7. 09/30/14  [12:51 PM] | 8. 09/30/14  [2:53 PM] |
| 9. 10/01/14  [4:13 PM] | 10. 10/01/14  [7:16 PM] | 11. 10/02/14  [12:18 PM] | 12. 10/03/14  [9:24 AM] |
| 13. 10/03/14  [12:00 PM] | 14. 10/09/14  [10:10 AM] | 15. 10/10/14  [10:57 AM] | 16. 10/16/14  [6:42 PM] |
| 17. 10/17/14  [3:02 PM] | 18. 10/17/14  [3:07 PM] | 19. 10/20/14  [5:05 PM] | 20. 10/23/14  [5:31 PM] |
| 21. 11/14/14  [3:27 PM] | 22. 11/17/14  [5:40 PM] | 23. 11/18/14  [3:01 PM] | 24. 11/19/14  [9:28 AM] |
| 25. 11/21/14  [3:21 PM] | 26. 11/24/14  [3:08 PM] | 27. 11/25/14  [12:54 PM] | 28. 11/26/14  [3:41 PM] |
| 29. 12/02/14  [5:03 PM] | 30. 12/11/14  [4:51 PM] | 31. 12/30/14  [3:21 PM] | 32. 01/02/15  [3:43 PM] |
| 33. 01/06/15  [2:12 PM] | 34. 03/04/15  [5:06 PM] | 35. 03/06/15  [12:34 PM] | 36. 03/09/15  [9:40 AM] |
| 37. 03/12/15  [8:51 AM] | 38. 03/12/15  [1:26 PM] | 39. 03/18/15  [10:43 AM] | 40. 04/13/15  [5:07 PM] |

**7.5**    **NRI** **did not** manually place call—as indicated as above, ("a. -_" - "on or around date" ["at or about time"] to Valle.

**7.6**    **NRI** was never given prior invitation or permission by the Consumer to call him at the number(s) at issue.

**7.7**    **NRI'** calls were not an emergency.

**7.8**    **NRI** 's communications delivered -
     **a.** prerecorded message announcing, *"this call maybe recorded  for training purposes."* or otherwise the Consumer heard a pause that then featured no responsive human interaction within 2 – 4 seconds of answering.

     **b.** did not provide the Consumer any identifiers—name of caller, entity on whose behalf the call is being made prior to their March 4th 2015 communication.

**7.9**    **NRI's** was at all time material in the practice of restricting the Consumer from -
     **a.** a means [phone number or automated opt out] by which he could request a cessation of violative/unwanted calls.

     **b.** identifying—the name of caller and/or entity on whose behalf the call is being made.

**7.10**    The Consumer attempted to greet **NRI** on a **minimum** of *20* separate occasions.

**7.11**    On March 4, 2015, Consumer was successful in reaching an agent to which he informed said agent that he was being contacted on his cell phone and otherwise directed agent to communicate their company's product/service/offer by mail.

[13]or caused a third-party to place calls on their behalf.
**VERIFIED PETITION**
- 8

c/o Nelson Valle
80 State House Square #125
Hartford, CT 06123
305-791-8959
rvx22@live.com

**7.12**   Consumer received a **minimum** of **6** more calls subsequent to engaging **NRI's** agent; 3 of which he picked up to receive no responsive human within seconds of greeting.

**7.13**   **NRI** placed a **minimum** of **40** calls to the Consumer.

**7.14**   Upon reasonable suspicion, **NRI** placed several calls to the Consumer from undisclosed locations wherein the Consumer's phone could not determine the identity of the inbound caller-- **NRI**.

### VIII. FACTUAL ALLEGATIONS – CHOICE

**8.1**   The Consumer alleges and incorporates the information in preceding paragraphs.

**8.2**   At all time material, **CHOICE** originated text[s] from phone number(s) **860-248-4141** and/or **860-517-8041.**

**8.3**   **CHOICE** is liable for any action(s) of its employees committed within the scope and line of their employment.

**8.4**   **CHOICE** placed calls/texts to Valle – ("**a -_**" - "on or around date" ["at or about time"]) incorporated to each of the following -

| | | | |
|---|---|---|---|
| 1. 03/28/14 [5:01 PM] | 2. 04/09/14 [2:00 PM] | 3. 04/22/14 [5:02 PM] | 4. 05/06/14 [1:00 PM] |
| 5. 05/17/14 [4:37 PM] | 6. 05/19/14 [2:06 PM] | 7. 06/06/14 [1:56 PM] | 8. 07/11/14 [12:49 PM] |
| 9. 07/18/14 [4:20 PM] | 10. 08/09/14 [3:11 PM] | 11. 08/23/14 [1:42 PM] | 12. 09/25/14 [2:41 PM] |
| 13. 10/14/14 [1:05 PM] | 14. 10/30/14 [2:35 PM] | 15. 11/04/14 [7:50 PM] | 16. 11/07/14 [2:52 PM] |
| 17. 11/14/14 [4:18 PM] | 18. 11/21/14 [2:48 PM] | 19. 12/18/14 [2:35 PM] | 20. 01/16/15 [4:05 PM] |
| 21. 01/30/15 [3:29 PM] | 22. 02/25/15 [3:54 PM] | 23. 03/13/15 [3:04 PM] | 24. 05/14/15 [11:59 PM] |
| 25. 05/28/15 [3:23 PM] | 26. 06/11/15 [2:16 PM] | | |

**8.5**   **CHOICE did not** manually place call—as indicated above, ("**a. -_**" - "on or around date" ["at or about time"] to Valle.

**8.6**   **CHOICE'** communications delivered solicitations to locate customers or potential customs by promoting company specials.

**8.7**   **CHOICE** was never given prior invitation or permission by the Consumer to text him at the number(s) at issue.

**8.8**   **CHOICE**'s calls were not an emergency.

**8.9**   **CHOICE** placed a **minimum** of **26** unsolicited texts to the Consumer.

### IX. FACTUAL ALLEGATIONS – GC

**9.1**   The Consumer alleges and incorporates the information in preceding paragraphs.

**9.2**   At all time material, **GC** originated calls from phone number(s) **865-687-1748** and/or **855-446-2108** and/or **713-300-7888** and/or **207-6970.**

**9.3**   **GC** is liable for any action(s) of its employees committed within the scope and line of their employment.

c/o Nelson Valle
80 State House Square #125
Hartford, CT 06123
305-791-8959
rvx22@live.com

**9.4**     **GC** placed calls to Valle  – ("a -_" - "on or around date" ["at or about time"]) incorporated to each of the following -

| | | | |
|---|---|---|---|
| 1. 04/16/14 [9:33 AM] | 2. 04/16/14 [9:34 AM] | 3. 04/16/14 [4:25 PM] | 4. 04/17/14 [9:29 AM] |
| 5. 04/21/14 [11:31 AM] | 6. 04/24/14 [8:22 AM] | 7. 05/14/14 [8:33 AM] | 8. 05/15/14 [8:28 AM] |
| 9. 05/20/14 [8:56 AM] | 10. 05/23/14 [8:29 AM] | 11. 05/27/14 [8:55 AM] | 12. 05/30/14 [8:30 AM] |
| 13. 06/03/14 [4:44 PM] | 14. 06/11/14 [6:05 PM] | 15. 06/18/14 [7:08 PM] | 16. 06/30/14 [8:27 AM] |
| 17. 07/08/14 [9:52 AM] | 18. 07/14/14 [8:28 AM] | 19. 07/22/14 [9:12 AM] | |

**9.5**     **GC** <u>did not</u> manually place call—as indicated above, ("a. -_" - "on or around date" ["at or about time"] to Valle.

**9.6**     **GC** was never given prior invitation or permission by the Consumer to call him at the number(s) at issue.

**9.7**     **GC's** calls were not an emergency.

**9.8**     **GC's** communications delivered -
     **a.** prerecorded message announcing, *"this call maybe recorded  for training purposes."* or otherwise heard a pause that then featured no responsive human interaction within 3 – 4 seconds of answering.

**9.9**     **GC's** was at all time material in the practice of restricting the Consumer from -
     **a.** a means [phone number or automated opt out] by which he could request a cessation of violative/unwanted calls.

     **b.** identifying—the name of caller and/or entity on whose behalf the call is being made.

**9.10**     **GC's** ADAD permit number is **060375**.

**9.11**     The Consumer attempted to greet **GC** on a <u>**minimum**</u> of *5* separate occasions.

**9.12**     **GC** placed a <u>**minimum**</u> of *19* calls to the Consumer.

**9.13**     Upon reasonable suspicion, **GC** placed several calls to the Consumer from undisclosed locations wherein the Consumer's phone could not determine the identity of the inbound caller—**GC**.

X. <u>FACTUAL ALLEGATIONS – ENHANCED</u>

**10.1**     The Consumer alleges and incorporates the information in preceding paragraphs.

**10.2**     At all time material, **ENHANCED** originated calls from phone number(s) **401-406-3921.**

**10.3**     **ENHANCED** is liable for any action(s) of its employees committed within the scope and line of their employment.

**10.4**     **ENHANCED** placed calls to Valle – ("a -_" - "on or around date" ["at or about time"]) incorporated to each of the following -

**VERIFIED PETITION**
- 10

c/o Nelson Valle
80 State House Square #125
Hartford, CT 06123
305-791-8959
rvx22@live.com

| | | | |
|---|---|---|---|
| 1. 08/10/15  [12:00 PM] | 2. 08/15/15  [03:25 PM] | 3. 08/17/15  [08:55 AM] | 4. 08/19/15  [01:01 PM] |
| 5. 08/20/15  [10:27 PM] | 6. 08/21/15  [10:04 PM] | 7. 08/22/15  [10:25 AM] | 8. 08/24/15  [08:51 AM] |
| 9. 08/25/15  [10:12 AM] | 10. 08/26/15  [10:45 AM] | 11. 08/27/15  [10:44 AM] | 12. 08/28/15  [08:21 AM] |
| 13. 08/29/15  [11:06 AM] | 14. 08/31/15  [06:15 PM] | 15. 09/02/15  [08:38 AM] | 16. 09/04/15  [09:09 AM] |
| 17. 09/05/15  [11:59 AM] | 18. 09/09/15  [09:06 AM] | 19. 09/11/15  [08:21 AM] | 20. 09/16/15  [09:22 AM] |
| 21. 09/18/15  [10:51 AM] | 22. 09/21/15  [09:58 AM] | 23. 09/23/15  [12:22 PM] | 24. 09/26/15  [09:00 AM] |
| 25. 10/05/15  [01:24 PM] | 26. 10/07/15  [09:23 AM] | 27. 10/09/15  [10:08 AM] | 28. 10/12/15  [12:26 PM] |
| 29. 10/14/15  [11:24 AM] | 30. 10/16/15  [09:44 AM] | 31. 10/21/15  [09:38 PM] | 32. 10/23/15  [09:53 AM] |

**10.5**    **ENHANCED** **did not** manually place call—as indicated above, ("**a.** -_" - "on or around date" ["at or about time"] to Valle.

**10.6**    **ENHANCED** was never given prior invitation or permission by the Consumer to call him at the number(s) at issue.

**10.7**    **ENHANCED's** calls were not an emergency.

**10.8**    **ENHANCED's** communications delivered -
    **a.** prerecorded message announcing, *"this call maybe recorded  for training purposes."* or otherwise heard a pause that then featured no responsive human interaction within 3 – 4 seconds of answering.

**10.9**    **ENHANCED's** was at all time material in the practice of restricting the Consumer from -
    **a.** a means [phone number or automated opt out] by which he could request a cessation of violative/unwanted calls.

    **b.** identifying—the name of caller and/or entity on whose behalf the call is being made.

**10.10**  **ENHANCED** ADAD permit number is **120030.**

**10.11**  The Consumer attempted to greet **ENHANCED** on a **minimum** of **4** separate occasions.

**10.12**  **ENHANCED** placed a **minimum** of **32** calls to the Consumer.

**10.13**  Upon reasonable suspicion, **ENHANCED** placed several calls to the Consumer from undisclosed locations wherein the Consumer's phone could not determine the identity of the inbound caller—**ENHANCED.**

## XI. FACTUAL ALLEGATIONS – CONVERGENT

**11.1**    The Consumer alleges and incorporates the information in preceding paragraphs.

**11.2**    At all time material, **CONVERGENT** originated calls from phone number(s) **203-937-2887** and/or **203-937-2863** and/or **203-937-2870** .

**11.3**    **CONVERGENT** is liable for any action(s) of its employees committed within the scope and line of their employment.

**11.4**    **CONVERGENT** placed calls to Valle  – ("**a** -_" - "on or around date" ["at or about time"]) incorporated to each of the following -

**VERIFIED PETITION**
- 11

c/o Nelson Valle
80 State House Square #125
Hartford, CT 06123
305-791-8959
rvx22@live.com

| | | | |
|---|---|---|---|
| 1. 06/15/16 [05:24 PM] | 2. 06/24/16 [01:20 PM] | 3. 06/28/16 [05:28 PM] | 4. 06/27/16 [02:17 AM] |
| 5. 09/26/16 [12:39 PM] | 6. 10/03/16 [08:55 PM] | 7. 10/04/16 [05:26 PM] | 8. 10/25/16 [03:43 PM] |
| 9. 10/28/16 [06:08 PM] | 10. 10/31/16 [06:03 PM] | 11. 11/03/16 [01:40 PM] | 12. 11/10/16 [01:11 PM] |
| 13. 11/18/16 [10:15 AM] | 14. 11/23/16 [09:54 AM] | 15. 11/23/16 [07:32 PM] | 16. 11/25/16 [02:20 PM] |
| 17. 11/28/16 [09:45 AM] | 18. 11/28/16 [02:04 PM] | 19. 11/29/16 [12:12 PM] | 20. 11/29/16 [03:26 PM] |
| 21. 11/30/16 [10:25 AM] | 22. 12/01/16 [10:35 AM] | 23. 12/02/16 [10:27 AM] | 24. 12/02/16 [02:08 PM] |
| 25. 12/05/16 [12:34 PM] | 26. 12/06/16 [11:17 AM] | 27. 01/06/17 [11:24 AM] | |

**11.5    CONVERGENT did not** manually place call—as indicated above, ("**a.** -_" - "on or around date" ["at or about time"] to Valle.

**11.6    CONVERGENT** was never given prior invitation or permission by the Consumer to call him at the number(s) at issue.

**11.7    CONVERGENT's** calls were not an emergency.

**11.8    CONVERGENT's** communications delivered -
    **a.** prerecorded message announcing, *"hello please hold"* and/or *"this call maybe recorded for quality assurance."* or otherwise heard a pause that then featured no responsive human interaction within 3 – 15 seconds of answering. (also)

    **b.** directed Consumer to call "Convergent Outsourcing...at 877-495-0400." Without specifying who they were attempting to reach.

**11.9    CONVERGENT's** was at all time material in the practice of restricting the Consumer from -  **a.** a means [phone number or automated opt out] by which he could request a cessation of violative/unwanted calls.

    **b.** identifying—the name of caller and/or entity on whose behalf the call is being made.

**11.10    CONVERGENT's** ADAD permit number is **1600002.**

**11.11    The Consumer attempted to greet CONVERGENT on a minimum of 7 separate occasions.**

**11.12    CONVERGENT** placed a **minimum** of **27** calls to the Consumer.

**11.13    Upon reasonable suspicion, CONVERGENT** placed several calls to the Consumer from undisclosed locations wherein the Consumer's phone could not determine the identity of the inbound caller—**CONVERGENT.**

## XII. FACTUAL ALLEGATIONS – AARONS

**12.1    The Consumer alleges and incorporates the information in preceding paragraphs.**

**12.2    At all time material, AARONS** originated calls from phone number(s) **860-423-9730** and/or **860-423-5983** and/or **860-568-0176** and/or **860-568-0126** and/or **860-423-0243** and/or **860-568-5003.**

**12.3    AARONS** is liable for any action(s) of its employees committed within the scope and line of their employment.

**VERIFIED PETITION**
- 12

c/o Nelson Valle
80 State House Square #125
Hartford, CT 06123
305-791-8959
rvx22@live.com

**12.4**  **AARONS** placed calls to Valle  – ("**a** -_" - "on or around date" ["at or about time"]) incorporated to each of the following -

| 1. 05/02/14 [07:55 PM] | 2. 05/03/14 [09:38 AM] | 3. 05/05/14 [10:19 AM] | 4. 06/04/14 [09:45 AM] |
|---|---|---|---|
| 5. 07/03/14 [02:57 PM] | 6. 07/05/14 [09:32 AM] | 7. 08/11/14 [02:31 PM] | 8. 08/13/14 [11:47 AM] |
| 9. 08/15/14 [10:15 AM] | 10. 08/16/14 [10:10 AM] | 11. 08/20/14 [09:38 AM] | 12. 08/20/14 [07:07 PM] |
| 13. 08/23/14 [09:02 AM] | 14. 08/25/14 [09:21 AM] | 15. 08/26/14 [12:42 PM] | 16. 08/26/14 [08:36 PM] |
| 17. 08/28/14 [08:47 PM] | 18. 08/29/14 [08:18 PM] | 19. 09/02/14 [11:12 AM] | 20. 09/02/14 [11:46 PM] |
| 21. 09/02/14 [06:35 PM] | 22. 09/03/14 [11:54 AM] | 23. 09/04/14 [05:46 PM] | 24. 09/05/14 [12:34 PM] |
| 25. 09/08/14 [08:35 PM] | 26. 09/15/14 [05:18 PM] | 27. 09/19/14 [12:59 PM] | 28. 09/25/14 [04:45 PM] |
| 29. 11/03/14 [04:09 PM] | 30. 11/04/14 [10:49 AM] | 31. 11/04/14 [07:57 PM] | 32. 11/05/14 [10:14 AM] |
| 33. 12/02/14 [07:56 PM] | 34. 12/03/14 [09:34 AM] | 35. 6/20/16 [4:07 PM] | |

**12.5**  **AARONS** **did not** manually place call—as indicated above, ("**a**. -_" - "on or about time"] ["at or about time"] to Valle.

**12.6**  **AARONS** was never given prior invitation or permission by the Consumer to call him at the number(s) at issue.

**12.7**  **AARONS** calls were not an emergency.

**12.8**  **AARONS'** communications delivered -
**a.** prerecorded messages with a commercial like background or otherwise heard a pause that then featured no responsive human interaction within 2 seconds of answering.

**b.** solicitations to locate customers or potential customs by promoting company specials.

**12.9**  **AARONS** was at all time material in the practice of restricting the Consumer from -
**a.** a means [phone number or automated opt out] by which he could request a cessation of violative/unwanted calls.

**12.10**  The Consumer attempted to greet **AARONS** on a **minimum** of **9** separate occasions.

**12.11**  Between August 11th 2014 and November 3rd 2014, the Consumer  was able to reach agent/ employee(s) of **AARONS**, to which Valle informed said agent/employee(s) that the customers or potential customer[s]—Amard and/or Christopher were not reachable at the called number.

**12.12**  **AARONS** placed a **minimum** of **35** calls to the Consumer.

**12.13**  Upon reasonable suspicion, **AARONS** placed several calls to the Consumer from undisclosed locations wherein the Consumer's phone could not determine the identity of the inbound caller—**AARONS**.

### XIII. FACTUAL ALLEGATIONS – CBE

**13.1**  The Consumer alleges and incorporates the information in preceding paragraphs.

**13.2**  At all time material, **CBE** originated calls from phone number(s) **913-279-0780** and/or

**VERIFIED PETITION**
- 13

c/o Nelson Valle
80 State House Square #125
Hartford, CT 06123
305-791-8959
rvx22@live.com

1   **515-954-7698** and/or **319-242-7353** and/or **913-232-2506** and/or **877-224-6529** and/or **319-242-7354.**

2
3   13.3    **CBE** is liable for any action(s) of its employees committed within the scope and line of their employment.

4   13.4    **CBE** placed calls to Valle  – ("a -_" - "on or around date" ["at or about time"]) incorporated to each of the following -

5

6
| 1. 03/24/14 [8:47 AM] | 2. 03/25/14 [3:38 PM] | 3. 03/28/14 [6:08 PM] | 4. 04/07/14 [12:06 PM] |
|---|---|---|---|
| 5. 04/15/14 [5:57 PM] | 6. 04/15/14 [5:58 PM] | 7. 04/18/14 [12:04 PM] | 8. 04/18/14 [12:07 PM] |
| 9. 04/23/14 [5:50 PM] | 10. 04/24/14 [4:21 PM] | 11. 04/24/14 [8:22 PM] | 12. 04/26/14 [6:15 PM] |
| 13. 04/26/14 [6:18 PM] | 14. 04/29/14 [7:25 PM] | 15. 04/29/14 [7:27 PM] | 16. 04/30/14 [2:10 PM] |
| 17. 04/30/14 [6:27 PM] | 18. 05/03/14 [10:14 AM] | 19. 05/03/14 [10:14 AM] | 20. 05/07/14 [9:04 AM] |
| 21. 05/07/14 [9:04 AM] | 22. 05/07/14 [5:13 PM] | 23. 05/07/14 [5:13 PM] | 24. 05/12/14 [9:04 AM] |
| 25. 05/12/14 [9:04 AM] | 26. 05/16/14 [10:04 AM] | 27. 05/16/14 [10:04 AM] | 28. 05/20/14 [10:05 AM] |
| 29. 05/20/14 [3:09 PM] | 30. 05/20/14 [3:10 PM] | 31. 05/27/14 [10:03 AM] | 32. 05/27/14 [3:08 PM] |
| 33. 05/31/14 [10:11 AM] | 34. 06/04/14 [9:10 AM] | 35. 06/04/14 [5:21 PM] | 36. 06/06/14 [7:29 PM] |
| 37. 06/09/14 [8:37 PM] | 38. 06/09/14 [8:35 PM] | 39. 06/13/14 [12:04 PM] | 40. 06/13/14 [12:02 PM] |
| 41. 06/19/14 [11:08 AM] | 42. 06/19/14 [11:08 AM] | 43. 06/19/14 [4:19 PM] | 44. 06/19/14 [4:19 PM] |
| 45. 07/03/14 [4:44 PM] | 46. 07/15/14 [7:48 PM] | 47. 07/17/14 [7:38 PM] | 48. 10/23/14 [8:04 AM] |
| 49. 10/24/14 [2:18 PM] | 50. 10/25/14 [11:19 AM] | 51. 10/27/14 [4:36 PM] | 52. 10/28/14 [5:46 PM] |
| 53. 10/31/14 [9:12 AM] | 54. 11/03/14 [7:08 PM] | 55. 11/04/14 [9:08 AM] | 56. 11/05/14 [5:22 PM] |
| 57. 11/19/14 [10:11 AM] | 58. 11/19/14 [2:23 PM] | 59. 11/20/14 [10:34 AM] | 60. 11/20/14 [8:39 PM] |
| 61. 05/19/15 [7:53 PM] | 62. 05/20/15 [4:44 PM] | | |

13.5    **CBE** <u>**did not**</u> manually place call—as indicated above, ("a. -_" - "on or around date" ["at or about time"] to Valle.

13.6    **CBE** was never given prior invitation or permission by the Consumer to call him at the number(s) at issue.

13.7    **CBE's** calls were not an emergency.

13.8    **CBE's** communications delivered -
        **a.** prerecorded message announcing, *"this call maybe recorded for training purposes."* or otherwise the Consumer heard a pause that then featured no responsive human interaction within 3 – 15 seconds of answering.

13.9    **CBE's** was at all time material in the practice of restricting the Consumer from -
        **a.** a means [phone number or automated opt out] by which he could request a cessation of violative/unwanted calls.

        **b.** identifying—the name of caller and/or entity on whose behalf the call is being made.

13.10   **CBE's** ADAD permit number is **140024**.

13.11   The Consumer attempted to greet **CBE** on a <u>**minimum**</u> of *12* separate occasions.

13.12   **CBE** placed a <u>**minimum**</u> of *62* calls to the Consumer.

13.13   Upon reasonable suspicion, **CBE** placed several calls to the Consumer from undisclosed locations wherein the Consumer's phone could not determine the identity of the inbound caller—**CBE**.

**VERIFIED PETITION**
- 14

c/o Nelson Valle
80 State House Square #125
Hartford, CT 06123
305-791-8959
rvx22@live.com

## XIV. FACTUAL ALLEGATIONS – BUCKEYE

**14.1**    The Consumer alleges and incorporates the information in preceding paragraphs.

**14.2**    At all time material, **BUCKEYE** originated calls from phone number(s) **860-206-9842** and/or **860-206-2547.**

**14.3**    **BUCKEYE** is liable for any action(s) of its employees committed within the scope and line of their employment.

**14.4**    **BUCKEYE** causes Plaintiff's cell phone to ring – ("**a -_**" - "on or around date" ["at or about time"]) incorporated to each of the following -

| | | | |
|---|---|---|---|
| 1. 09/30/14 [02:58 PM] | 2. 10/07/14 [03:11 PM] | 3. 10/08/14 [09:36 AM] | 4. 10/09/14 [02:51 PM] |
| 5. 10/11/14 [10:47 AM] | 6. 10/13/14 [12:57 PM] | 7. 10/14/14 [11:44 AM] | 8. 10/21/14 [11:50 AM] |
| 9. 10/22/14 [03:02 PM] | 10. 10/24/14 [09:25 AM] | 11. 11/26/14 [09:30 AM] | 12. 10/31/14 [04:13 PM] |
| 13. 11/03/14 [10:02 AM] | 14. 11/04/14 [11:38 AM] | 15. 11/26/14 [11:55 AM] | 16. 03/02/15 [11:10 AM] |
| 17. 03/03/15 [11:55 AM] | 18. 03/11/15 [09:13 AM] | 19. 03/11/15 [01:27 PM] | 20. 03/12/15 [09:13 AM] |
| 21. 04/17/15 [03:46 PM] | **22. 04/02/15 [11:32 AM]** | 23. 04/23/15 [01:32 PM] | 24. 04/24/15 [11:53 AM] |
| 25. 05/19/15 [10:29 AM] | | | |

**14.5**    **BUCKEYE** <u>did not</u> manually place call—as indicated above, ("**a. -_**" - "on or around date" ["at or about time"] to Valle.

**14.6**    **BUCKEYE** was never given prior invitation or permission by the Consumer to call him at the number(s) at issue.

**14.7**    **BUCKEYE's** calls were not an emergency.

**14.8**    **BUCKEYE's** communications delivered -
    **a.** prerecorded message announcing, *"this call maybe recorded  for training purposes."* or otherwise heard a pause that then featured no responsive human interaction within 3 – 4 seconds of answering.

    **b.** made unsolicited automated promotions for an "Amazon" type business.

**14.9**    **BUCKEYE's** was at all time material in the practice of restricting the Consumer from -
    **a.** a means [phone number or automated opt out] by which he could request a cessation of violative/unwanted calls.

    **b.** identifying—the name of caller and/or entity on whose behalf the call is being made.

**14.10**   The Consumer attempted to greet **BUCKEYE** on a <u>minimum</u> of **7** separate occasions.

**14.11**   **BUCKEYE's** action were intentional by knowingly disregarding the Consumer's express requests to discontinue calling him.

**14.12**   **BUCKEYE** placed a <u>minimum</u> of **25** calls to the Consumer.

**14.13**   Upon reasonable suspicion, **BUCKEYE** placed several calls to the Consumer from

**VERIFIED PETITION**
- 15

c/o Nelson Valle
80 State House Square #125
Hartford, CT 06123
305-791-8959
rvx22@live.com

undisclosed locations wherein the Consumer's phone could not determine the identity of the inbound caller—**BUCKEYE**.

## XV. <u>CLAIM I</u> – PROHIBITIVE CONDUCT AT TCPA SUB-PROVISION § 227(b)3

**15.1**   The Consumer alleges and incorporates the information in preceding paragraphs.

***Applicable To ALL Defendant[s] And Plead As if Singularly Alleged To Each Defendant***

**15.2**   Defendants' phone calls appear to have violated the TCPA, *§227 (b)(1)(a)(iii)* and has demonstrated a conduct that a reasonable person would find unfair.

**15.3**   **Summary of Damages.**   Consumer seeks $500 *per call before* trebling.

## XVI. <u>CLAIM II</u> – PROHIBITIVE CONDUCT AT TCPA SUB-PROVISION § 227(c)5

**16.1**   The Consumer alleges and incorporates the information in preceding paragraphs.

***Applicable <u>Exclusively</u> To Defendant[s]--CHOICE, AARON'S, BUCKEYE, And Plead As if Singularly Alleged To Each of <u>These</u> Defendant[s].***

**16.2**   Consumer's cell phone is registered in the federal do-not-call list prior to each communication alleged herein.

**16.3**   Defendant has placed more than one telephone call to Plaintiff within 12-month period.

**16.4**   Defendant, failed to honor Consumer's previous do-not-call request at 47 C.F.R. *§ 64.1200(d)(3) or -(6).*

**16.5**   Defendant's spoof calls failed to provide requisite disclosures--the telephone number on whose behalf the call was being made at 47 C.F.R. *§ 64.1200(d)(4).*

**16.6**   **Summary of Damages.**   Consumer seeks $500 *per call before* trebling.

## XVII. <u>CLAIM III</u> – VIOLATION OF CUTPA

**17.1**   The Consumer alleges and incorporates the information in preceding paragraphs.

***Applicable <u>Exclusively</u> To Defendant[s]—NATIONAL, CHOICE, CBE, ENHANCED, BUCKEYE and CONVERGENT And Plead As if Singularly Alleged To Each of <u>These</u> Defendant[s].***

**17.2**   Defendant has participated in communications that sought to maximize profits at the expense of Consumer's privacy, time and mental tranquility—specifically, in attending the ringing of his phone.

**17.3**   The Consumer has sustained *ascertainable losses* including but not limited to -
   **a.** Loss of minutes/time usage on his limited phone minutes.

   **b.** Loss of monies expended to research and investigate manners in which to protect his right to privacy—including but not limited to—document review, travel, paper, ink, certified

c/o Nelson Valle
80 State House Square #125
Hartford, CT 06123
305-791-8959
rvx22@live.com

mailings, etc.

**c.** Loss of product usage—product wear and tear, data space, etc. outrage, frustration, annoyance and irritability. All as a direct and proximate result of the Defendant.

**17.4    Summary of Damages.**  Consumer seeks $5000 in recovering absorbed expenses *per* liable Defendant or alternatively the maximum allowable commensurate with the the violations alleged which ever is greater.

## XVIII. PRAYER

**18.1    *Requested Relief,*** includes an ORDER—in favor of the Consumer, adjudging -

| | |
|---|---|
| *a.* | Monetary damages of $500 *per* violation pursuant to TCPA § 227(b)(3)(B) *per* liable defendant. |
| *b.* | Treble damages of $1500 *per* violation pursuant to TCPA §227(b)(3)(c) *per* violation after the first call. |
| *c.* | Monetary damages of $500 pursuant to TCPA § 227(c)(5)(B) *per* violation *per* liable defendant. |
| *d.* | Treble damages of $1500 per violation pursuant to TCPA § 227(c)(5)(c) *per* violation after the first call *per* liable defendant. |
| *e.* | Monetary damages of $5000 or most allowable pursuant to CUTPA § 42-110(g)(a) *per* liable defendant. |
| *f.* | Punitive damages pursuant to CUTPA § 42-110(g)(a) *per* liable defendant. |
| *g.* | Attorneys fees and litigation costs pursuant to CUTPA § 42-110(g)(d) *per* liable defendant. |
| *h.* | Any such further relief as the Court may deem equitable under the circumstances. |

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

**VERIFIED PETITION**
- 17

c/o Nelson Valle
80 State House Square #125
Hartford, CT 06123
305-791-8959
nvx22@live.com

1  State of Connecticut      )

2                            ) ss  Hartford

3  County of Hartford        )

4  On 3|23|18 , before me, *Maritza M. Braithwaite* , notary public in and for Hartford County, State of Connecticut, personally appeared Nelson Valle, who proved to me on the basis of satisfactory evidence to be the party whose name is subscribed to the within instrument and acknowledges to me that Nelson Valle, set forth the contents hereof in authorized capacity, and that by signing the

5  instrument Nelson Valle, hereby executes the instrument.

6  ## VERIFICATION OF COMPLAINT AND CERTIFICATION

7  **1.** I am the Plaintiff in this civil proceeding.
   **2.** I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

8  **3.** I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.
   **4.** I have filed this Complaint in good faith and solely for the purposes set forth in it.

9  **5.** Each and every attachment I have provided to this Complaint is a true and correct copy of the original.
   **6.** Except where clearly indicated, I have not altered, changed, modified or fabricated these attachments, except that some of the attached exhibits

10  may contain some of my own handwritten notations.

11  I certify under penalty of perjury under 28 U.S.C. § 1746(2) and the laws of the State of Connecticut that the foregoing paragraph is true and correct.

12

13

14  Witness my hand and official seal:                    **NOTARY PUBLIC SEAL**

15

16  *Maritza M. Braithwaite*

17  **NOTARY PUBLIC SIGNATURE**

18  My commission expires _____

19      MARITZA M. BRAITHWAITE
        Notary Public, State of Connecticut
20      My Commission Expires Feb. 28, 2019

21

22

23

24

25

26

27

28  **VERIFIED PETITION**                c/o Nelson Valle
    - 18                                 80 State House Square #125
                                         Hartford, CT 06123
                                         305-791-8959
                                         rvx22@live.com