


2018 OCT 30 P 1:05
US DISTRICT COURT
HARTFORD CT

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **NELSON VALLE,**<br>Plaintiff,<br>**v.**<br>**MRS BPO, LLC.,**<br>**SENTINEL OFFENDER SERVICES, LLC.,**<br>**IC SYSTEMS, INC.,**<br>**CHOICE ONE PIZZA,**<br>**GC SERVICES LIMITED PARTNERSHIP,**<br>**ENHANCED RECOVERY COMPANY, LLC.,**<br>**CONVERGENT OUTSOURCING,**<br>**AARONS/SEI,**<br>**THE CBE GROUP,**<br>Defendant(s). | **CASE NO:**<br>***47 U.S.C § 227 et seq.***<br>***Conn. Gen. Stat. § 42-110 et seq.***<br>**VERIFIED AMENDED PETITION**<br>**TRIAL BY JURY REQUESTED**<br>**JUNE 29, 2018** |

**NATURE OF ACTION**

*For Our Cause, Plaintiff Affirms:*

This Petition seeks recovery for damages--statutory, treble for business practices in contravention to Consumer privacy. Specifically, this enforcement identified the placement of non-emergency mobile calls[1] by means of automation--outside the scope of the Consumer's consent, federal law and Connecticut public policy.[2]

**I. JURISDICTION AND VENUE**

**1.1** Jurisdiction of this Court arises by federal question(s) at *28 U.S.C. §1331;*[3] and *47 U.S.C. §227(b)(3);* Supplemental jurisdiction arises at *28 U.S.C. §1367.*

**1.2** Venue is proper by way of 28 U.S.C. §1391b; Also in that the Consumer has received the subject communications in Connecticut. This Court has jurisdiction.

**II. PARTIES**

**2.1** Plaintiff Nelson Valle, ("Valle" or "Consumer") is a natural person in Connecticut subject to the communication practices asserted herein. Valle's cell number(s) are 860-xxx-0794 and 860-xxx-6717.[4]

**2.2** Defendant **MRS BPO, LLC.**, ("MRS" or "Defendant") is a business located at 1930 Olney

[1] And partial VOIP communication[s] alleged against MRS exclusively.

[2] In compliance with *C.G.S § 42-110g(c)*, copies of this Complaint have been sent to both the Attorney General and the Commissioner of Consumer Protection.

[3] *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

[4] Each company named in this Petition has been furnished the dialed number(s) in question or alternatively counsel has.



Nelson Valle
80 State House Square #125
Hartford, CT 06123
860-212-0794
profiler@hush.ai

Avenue Cherry Hill, NJ 08003.

**2.3** Defendant **SENTINEL OFFENDER SERVICES**, ("SENTINEL" or "Defendant") is a business located at 201 Technology Dr. Irvine, CA 92618.

**2.4** Defendant **IC SYSTEMS, INC.**, ("IC" or "Defendant") business located at 444 Highway 96 East St. Paul, MN 55127.

**2.5** Defendant **CHOICE ONE PIZZA**, ("CHOICE" or "Defendant") is a business located at 24 New Britain Ave, Hartford, CT 06106.

**2.6** Defendant **GC SERVICES LIMITED PARTNERSHIP**, ("GC" or "Defendant") is a business located at 6330 Gulfton Houston, TX 77081.

**2.7** Defendant **ENHANCED RECOVERY COMPANY**, ("ENHANCED" or "Defendant") is a business located at 8014 Bayberry Road Jacksonville, FL 32256.

**2.8** Defendant **CONVERGENT OUTSOURCING**, ("CONVERGENT" or "Defendant") is a business located at 800 SW 39th Street Renton, WA 98057.

**2.9** Defendant **AARONS/SEI**, ("AARONS" or "Defendant") is a business located at 309 East Paces Ferry Road NE, Atlanta, Georgia 30305.

**2.10** Defendant **THE CBE GROUP**, ("CBE" or "Defendant") is a business located at 1309 Technology Parkway, Cedar Falls IA, 50613.

## III. TRADE AND COMMERCE

**3.1** The Consumer alleges and incorporates the information in preceding paragraphs. ***Applicable To ALL Defendant[s] And Plead As if Singularly Alleged To Each Defendant***

**3.2** Defendant, at all times as described below, performed and engaged in conduct constituting trade and profit.

**3.3** Defendant, at all times as described below, performed and engaged—in whole or in part, in the practice of aggregating, confirming, maintaining consumer data, (eg., data mining, skip tracing, etc.).

**3.4** Defendant's business model offers consumer-related products and services—eg, appliances, pizza, credit information, etc., or reselling said data for other marketing purposes.

**3.5** According to the Public Utility Commission of Texas-- **MRS**, **GC**, **CONVERGENT, IC, ENHANCED** and **CBE** are registered with dialing equipment capable of announcing automated messages at or about the time for particularly described below.[5]

**3.6** According to the Public Utility Commission of Texas, an Automatic Dial Announcing Device ("ADAD"), is a mechanism that sends or is capable of sending recorded messages .

[5] See www.puc.texas.gov (last visited June 22nd 2018)



Nelson Valle
80 State House Square #125
Hartford, CT 06123
860-212-0794
profiler@hush.ai

## IV. FACTUAL ALLEGATIONS - GENERAL

**4.1** The Consumer alleges and incorporates the information in preceding paragraphs. ***Applicable To ALL Defendant[s] And Plead As if Singularly Alleged To Each Defendant***

**4.2** The Consumer's cell phone[s] services are limited in phone minutes and consequently incurs charges for phone/data usage per call and/or minutes used.

**4.3** The Consumer was the person subscribing to the called number(s) at the time the call(s) were made.

**4.4** The TCPA prohibits the use of any artificial or prerecorded voice calls.

**4.5** The TCPA prohibits the use "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention."[6]

**4.6** The defendant (and/or its affiliates) used dialing technology, equipment, software, to call the Consumer.

**4.7** Upon information and belief, the dialing equipment defendant used had the present capacity to dial numbers as part of a dialing platform, where batches of telephone numbers are loaded into a system, the system automatically dials the numbers.[7]

**4.8** Upon information and belief, the dialing equipment the defendant used in placing calls to the Consumer utilized a mechanism devoid of human intervention wherein the equipment would harvest phone numbers in its database on a set of criteria, to then dial a high volume of phone numbers often leaving the recipient waiting for a human to respond based on the recipients order in responding to the automated placed call.

## V. FACTUAL ALLEGATIONS – MRS

**5.1** The Consumer alleges and incorporates the information in preceding paragraphs.

**5.2.** At all time material, **MRS** placed calls originating from phone number(s) known to be utilized by them[8]: **855-406-7754** and/or **860-556-4079** and/or **305-390-2475** and/or **305-509-6276** and/or **305-602-5296** and/or **305-509-6276**.

**5.3** **MRS** is liable for any action(s) of its employees committed within the scope and line of their employment.

---

[6] *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D.Ill. Aug. 16, 2011)(emphasis original)

[7] Id. § 227(a)(1). The Federal Communications Commission ("FCC") slightly altered this definition in its regulations. The FCC determined that "equipment that dials a list of numbers (such as a business's list of customers), rather than dials random or sequential numbers, is still an ATDS, because 'the basic function of such dialing equipment' is the same—'the capacity to dial numbers without human intervention.'" *Gragg v. Orange Cab Co.*, No. C12-0576RSL, 2013 WL 1788479, at *2 (W.D. Wash. Apr. 26, 2013) (quoting Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 73 Fed. Reg. 6041, 6042 (Feb. 1, 2008)).

[8] or caused a third-party to place calls on their behalf.



Nelson Valle
80 State House Square #125
Hartford, CT 06123
860-212-0794
profiler@hush.ai

**5.4** **MRS** placed calls to Valle – ("**a.** -_" - "on or around date" ["at or about time"]) incorporated to each of the following -

| 1. 05/31/14 [12:14 PM] | 2. 05/24/14 [11:51 AM] | 3. 06/17/14 [7:14 PM] | 4. 06/20/14 [11:35 AM] |
|---|---|---|---|
| 5. 06/21/14 [1:56 PM] | 6. 06/23/14 [1:16 PM] | 7. 06/25/14 [1:03 PM] | 8. 06/26/14 [2:24 PM] |
| 9. 06/28/14 [1:02 PM] | 10. 07/07/14 [4:53 PM] | 11. 12/08/14 [12:45 PM] | 12. 12/08/14 [6:37 PM] |
| 13. 12/09/14 [1:27 PM] | 14. 12/09/14 [4:12 PM] | 15. 12/12/14 [12:53 PM] | 16. 12/15/14 [2:09 PM] |
| 17. 12/15/14 [4:31 PM] | 18. 12/16/14 [10:41 AM] | 19. 12/16/14 [1:58 PM] | 20. 12/17/14 [9:31 AM] |
| 21. 12/17/14 [12:38 PM] | 22. 12/17/14 [4:09 PM] | 23. 12/17/14 [4:10 PM] | 24. 12/17/14 [7:52 PM] |
| 25. 12/18/14 [9:36 PM] | 26. 12/19/14 [9:40 AM] | 27. 12/22/14 [9:47 PM] | 28. 12/22/14 [2:16 PM] |
| 29. 12/23/14 [9:49 AM] | 30. 12/23/14 [2:06 PM] | 31. 12/23/14 [3:01 PM] | 32. 12/23/14 [7:31 PM] |
| 33. 12/24/14 [1:27 PM] | 34. 12/29/14 [10:16 AM] | 35. 12/29/14 [1:49 PM] | 36. 12/29/14 [2:06 PM] |
| 37. 12/30/14 [10:18 AM] | 38. 12/30/14 [11:56 AM] | 39. 12/30/14 [3:04 PM] | 40. 12/31/14 [12:37 PM] |
| 41. 12/31/14 [3:51 PM] | 42. 01/02/15 [9:37 AM] | 43. 01/05/15 [10:14 AM] | 44. 01/06/15 [10:26 AM] |
| 45. 01/07/15 [9:50 AM] | 46. 01/08/15 [11:44 AM] | 47. 01/08/15 [11:45 AM] | 48. 01/09/15 [12:17 PM] |
| 49. 01/12/15 [10:04 AM] | 50. 01/12/15 [12:36 PM] | 51. 01/14/15 [1:57 PM] | 52. 01/14/15 [6:29 PM] |
| 53. 01/15/15 [9:55 AM] | 54. 01/16/15 [1:54 PM] | 55. 01/19/15 [3:16 PM] | 56. 01/20/15 [11:48 PM] |
| 57. 01/21/15 [4:18 PM] | 58. 01/22/15 [4:47 PM] | 59. 01/26/15 [1:11 PM] | |

**5.5** **MRS** **did not** manually place call—as indicated above, ("**a.** -_" - "on or around date" ["at or about time"] to Valle.

**5.6** **MRS** was never given prior invitation or permission by the Consumer to call him at the number(s) at issue.

**5.7** **MRS**' calls were not an emergency.

**5.8** **MRS**' communications delivered -

**a.** prerecorded message announcing, *"this call maybe recorded..."* and/or the Consumer heard a pause that then featured no responsive human interaction within 2 – 4 seconds of answering.

**b.** prerecorded message announcing unintelligible message(s) in Indian/Hindu[?].

**c.** solicited interest or otherwise funneled the Consumer to reach a recorder so as to disclose personal information.

**5.9** **MRS's** was at all time material in the practice of restricting the Consumer from -

**a.** *a means [phone number or automated opt out] by which he could request a cessation* of violative/unwanted calls.

**b.** identifying—the name of caller and/or entity on whose behalf the call is being made.

**5.10** The Consumer attempted to greet MRS on a **minimum** of ***15*** separate occasions.

**5.11** **MRS** placed a **minimum** of ***59*** calls to the Consumer.

**5.12** **MRS**' ADAD permit number is **090147**.

**5.13** On or about, March 20, 2012, the Consumer filed suit against **MRS** in Connecticut for



Nelson Valle
80 State House Square #125
Hartford, CT 06123
860-212-0794
profiler@hush.ai

contacting the Consumer by means of automation.[9] The Consumer previously attempted to -

**a.** seek assistance and clarification from **MRS**, yet was denied the ability to speak with a manager or person in charge regarding **MRS'** communications.

**b.** remove his number from **MRS**' system with an agent prior to the placed calls by **MRS** to the Consumer.

**c.** remove his number through an automated opt out system (no human interface or contact) prior the phone calls in question.

**d.** establish that no relationship—business or otherwise, existed between Valle and **MRS** necessitating communications of any kind.

**5.14** **MRS** assured Valle that **MRS** would honor his request to remove his number from their list prior to each call subject to this Petition as he was personally assured that he would not be called again.[10]

**5.15** On or about May 24th 2014, the Consumer *again* began fielding **MRS**' calls.

**5.16** **MRS**' calls did not disclose neither the identity nor purpose of the calls.

**5.17** **MRS's** action were intentional by knowingly disregarding the Consumer's express *requests to discontinue calling him.* **(Ex. A)**[11]

**5.18** According to **MRS's,** Valle had no obligation or contract performance[s] which existed between he and **MRS** at the time he again began fielding **MRS** calls.

**5.19** In contravention to previous said requests, **MRS** began calling both Valle's previous number [VOIP][12],--to which was the subject of said legal action *and* his cell phone.

**5.20** Upon reasonable suspicion, **MRS** placed several calls to the Consumer from undisclosed locations wherein the Consumer's phone could not determine the identity of the inbound caller--**MRS**.

**5.21** At or about the time of the placed calls—as indicated in this Petition, **MRS** had an office *and/or call center in India.*

**5.22** At or about the time of the placed calls—as indicated in this Petition, **MRS**' ADAD Permit included a location in India.

## VI. FACTUAL ALLEGATIONS – SENTINEL

**6.1** The Consumer alleges and incorporates the information in preceding paragraphs.

**6.2.** At all time material, **SENTINEL** placed calls originating from spoofed phone number(s)[13]: **949-452-1550** and/or indiscernible numbers that appeared as **1129** and/or **1141** and/or **1158** and/or **1140** and/or **1119**, etc.

[9] See Case 3:12-cv-00421 presided by the Honorable Judge Warren W. Eginton.
[10] Implicit agreement between Valle and Mr. Jeffrey Freedman.
[11] Partial affidavit evidencing MRS's acknowledgment of Valle's request to remove his number from its system.
[12] Which necessitated the previous lawsuit.
[13] or caused a third-party to place calls on their behalf.



Nelson Valle
80 State House Square #125
Hartford, CT 06123
860-212-0794
profiler@hush.ai

**6.3** **SENTINEL** is liable for any action(s) of its employees committed within the scope and line of their employment.

**6.4** **SENTINEL** placed calls to Valle – ("**a.** -_" - "on or around date" ["at or about time"]) incorporated to each of the following -

| 1. 04/15/14 [11:15 PM] | 2. 04/16/14 [11:16 PM] | 3. 04/20/14 [01:46 PM] | 4. 04/20/14 [02:02 PM] |
|---|---|---|---|
| 5. 05/02/14 [04:33 AM] | 6. 05/02/14 [03:14 PM] | 7. 05/03/14 [05:12 PM] | 8. 05/07/14 [12:16 PM] |
| 9. 05/07/14 [06:18 PM] | 10. 05/11/14 [06:40 AM] | 11. 05/11/14 [06:40 AM] | 12. 05/17/14 [04:25 AM] |
| 13. 05/17/14 [05:42 AM] | 14. 05/17/14 [05:58 AM] | 15. 05/18/14 [12:35 AM] | 16. 05/18/14 [12:45 AM] |
| 17. 05/18/14 [09:23 PM] | 18. 05/18/14 [09:30 PM] | 19. 05/19/14 [02:28 AM] | 20. 05/19/14 [02:43 AM] |
| 21. 05/26/14 [05:56 AM] | 22. 05/30/14 [04:31 PM] | 23. 05/30/14 [04:33 PM] | 24. 05/31/14 [05:50 AM] |
| 25. 06/01/14 [05:34 AM] | 26. 06/01/14 [05:53 AM] | 27. 06/01/14 [06:09 AM] | 28. 06/01/14 [11:46 PM] |
| 29. 06/04/14 [02:52 AM] | 30. 06/15/14 [04:20 AM] | 31. 06/15/14 [04:23 AM] | 32. 06/15/14 [04:40 AM] |
| 33. 06/15/14 [04:56 AM] | 34. 06/15/14 [07:24 PM] | 35. 06/16/14 [08:01 AM] | 36. 06/16/14 [08:37 AM] |
| 37. 06/16/14 [09:04 AM] | 38. 06/19/14 [03:07 PM] | 39. 06/19/14 [08:36 PM] | 40. 06/19/14 [08:54 PM] |
| 41. 06/19/14 [09:11 PM] | 42. 06/23/14 [07:56 AM] | 43. 06/24/14 [12:25 AM] | 44. 06/24/14 [12:45 AM] |
| 45. 06/24/14 [01:00 AM] | 46. 06/25/14 [10:18:00 PM] | 47. 06/25/14 [10:36 PM] | 48. 06/29/14 [01:39 AM] |
| 49. 06/29/14 [02:08 AM] | 50. 06/29/14 [02:31 AM] | 51. 06/29/14 [07:39 AM] | 52. 06/30/14 [06:01 AM] |
| 53. 06/30/14 [06:24 AM] | 54. 06/30/14 [06:53 AM] | 55. 07/02/14 [02:34 PM] | 56. 07/02/14 [03:15 PM] |
| 57. 07/02/14 [06:44 PM] | 58. 07/02/14 [07:04 PM] | 59. 07/11/14 [04:53 AM] | 60. 07/14/14 [09:51 PM] |
| 61. 07/14/14 [09:52 PM] | 62. 07/15/14 [04:00 AM] | 63. 07/15/14 [04:05 AM] | 64. 07/16/14 [12:26 AM] |
| 65. 07/16/14 [12:27 AM] | 66. 07/19/14 [02:36 PM] | 67. 07/25/14 [09:40 AM] | 68. 07/25/14 [09:42 AM] |
| 69. 07/25/14 [09:42 AM] | 70. 07/25/14 [09:45 AM] | 71. 07/25/14 [09:58 AM] | 72. 07/25/14 [09:59 AM] |
| 73. 07/26/14 [05:37 AM] | 74. 07/26/14 [05:50 PM] | 75. 07/26/14 [05:56 PM] | 76. 07/27/14 [04:43 PM] |
| 77. 07/27/14 [05:01 PM] | 78. 07/27/14 [05:31 PM] | 79. 08/20/14 [04:52 PM] | 80. 09/04/14 [05:00 PM] |
| 81. 09/09/14 [01:51 AM] | 82. 09/09/14 [01:52 AM] | 83. 09/09/14 [01:53 AM] | 84. 09/09/14 [02:10 AM] |
| 85. 09/09/14 [06:18 AM] | 86. 09/16/14 [05:22 AM] | 87. 09/16/14 [05:41 AM] | 88. 09/16/14 [05:51 AM] |
| 89. 09/19/14 [05:19 AM] | 90. 09/19/14 [05:20 AM] | 91. 10/01/14 [04:13 PM] | 92. 10/02/14 [09:25 AM] |
| 93. 10/02/14 [09:44 AM] | 94. 10/02/14 [10:07:00 AM] | 95. 10/06/14 [09:15 AM] | 96. 10/06/14 [09:36 AM] |

**6.5** **SENTINEL** **<u>did not</u>** manually place call—as indicated above, ("**a.** -_" - "on or around date" ["at or about time"] to Valle.

**6.6** **SENTINEL** was never given prior invitation or permission by the Consumer to place call(s) him at the number(s) at issue.

**6.7** **SENTINEL**'s calls were not an emergency.

**6.8** **SENTINEL**'s placed calls delivered -

**a.** prerecorded indiscernible message(s) , many announcing... *"Call is for [Dean]*...and/or...elevator like beep in background or otherwise the Consumer heard a pause that then featured no responsive human interaction within 2 – 4 seconds of answering.

**b.** solicited the Consumer to disclose personal information or call a center [?].

**6.9** **SENTINEL's** was at all *time material in the practice of restricting the Consumer from -*

**a.** A means [phone number or automated opt out] by which he could request a cessation of violative/unwanted calls.

**b.** Identifying—the name of caller and/or entity on whose behalf the call is being made.

**c.** A means by which the Consumer could identify the in-bounding calls origination.

**6.10** **SENTINEL** employed a practice of abandoning calls to the Consumer by failing to put a



Nelson Valle
80 State House Square #125
Hartford, CT 06123
860-212-0794
profiler@hush.ai

live representative on the line within seconds after the Consumer completed his greeting so as to allow the consumer to elicit the personal name of the agent/employee and the means by which he could contact said company.

**6.11** Between <u>May 11th 2014</u> and <u>July 14th 2014</u>, the Consumer was able to reach an agent/ employee(s) of **SENTINEL**, to which Valle informed said agent/employee(s) on ***three*** separate occasions that they had the wrong number.

**6.12** On <u>June 25th 2014</u>, prior to a spoofed call being abandoned, the Consumer was able to elicit the undisclosed number's origin in which Valle heard the agent/employee disclose that said call was *originating on behalf of* **SENTINEL**.

**6.13** Despite Valle's attempted disclosure to **SENTINEL** that they had the wrong number on or about <u>May 11th 2014</u>, the Consumer–between said date and <u>September 19th 2014</u>, was left to field a **<u>minimum</u>** of ***40*** calls **<u>during the hours of 12:25 AM to 5:20 AM</u>** . ("twilight calls")

**6.14** **SENTINEL's** twilight calls were unfair in that they left the Consumer without a means of stopping said calls awhile leaving him the task of attempting to attend *and* determine who was calling, and otherwise disrupted his sleep, leaving him anxious, frustrated and tired.

**6.15** The Consumer attempted to greet **SENTINEL** on a **<u>minimum</u>** of ***18*** separate occasions.

**6.16** **SENTINEL** placed a **<u>minimum</u>** of ***93*** calls to the Consumer.

**6.17** **SENTINEL's** placed calls were intentional by knowingly disregarding the Consumer's previous express requests to discontinue calling him.

**6.18** Upon reasonable suspicion, **SENTINEL** placed several calls to the Consumer from undisclosed locations wherein the Consumer's phone could not determine or affirmatively identity the inbound caller--**SENTINEL**.

## VII. <u>FACTUAL ALLEGATIONS – IC</u>

**7.1** The Consumer alleges and incorporates the information in preceding paragraphs.

**7.2** At all time material, **IC** placed calls originating from phone number(s) known to be utilized by them[14], **307-316-7474** and/or **404-793-1306**.

**7.3** **IC** is liable for any action(s) of its employees committed within the scope and line of their employment.

**7.4** **IC** placed calls to Valle – ("**a** -_" - "on or around date" ["at or about time"]) incorporated to each of the following -

| | | | |
|---|---|---|---|
| 1. 05 02 16 [08:35 AM] | 2. 05 04 16 [10:04 AM] | 3. 05 05 16 [10:57 AM] | 4. 05 06 16 [09:24 AM] |
| 5. 05 07 16 [03:06 AM] | 6. 05 09 16 [08:51 AM] | 7. 05 10 16 [09:28 AM] | 8. 05 11 16 [07:27 PM] |
| 9. 05 12 16 [12:04 PM] | 10. 05 13 16 [12:13 PM] | 11. 05 16 16 [09:44 AM] | 12. 05 17 16 [02:32 PM] |
| 13. 05 18 16 [03:18 PM] | 14. 05 19 16 [12:52 PM] | 15. 05 20 16 [08:48 AM] | 16. 05 23 16 [08:38 AM] |
| 17. 05 24 16 [03:11 PM] | 18. 05 26 16 [08:46 AM] | 19. 05 27 16 [08:21 AM] | 20. 05 31 16 [08:23 AM] |
| 21. 06 01 16 [02:37 PM] | 22. 06 02 16 [10:52 AM] | 23. 06 03 16 [08:11 AM] | 24. 06 04 16 [10:41 AM] |
| 25. 06 06 16 [08:30 AM] | 26. 06 07 16 [11:18 AM] | 27. 06 08 16 [02:39 PM] | 28. 06 09 16 [10:18 AM] |
| 29. 06 10 16 [08:06 AM] | 30. 06 13 16 [05:18 PM] | 31. 06 14 16 [10:51 AM] | 32. 06 15 16 [09:57 AM] |
| 33. 06 16 16 [08:41 AM] | 34. 06 17 16 [04:05 PM] | 35. 06 20 16 [09:33 AM] | 36. 06 21 16 [11:21 AM] |
| 37. 06 22 16 [10:28 AM] | 38. 06 22 16 [06:29 PM] | 39. 06 23 16 [11:45 AM] | 40. 06 24 16 [09:34 AM] |
| 41. 06 27 16 [07:20 PM] | 42. 06 28 16 [10:37 AM] | 43. 06 30 16 [05:45 AM] | 44. 07 01 16 [03:24 PM] |

[14] or caused a third-party to place calls on their behalf.



Nelson Valle
80 State House Square #125
Hartford, CT 06123
860-212-0794
profiler@hush.ai

**7.5** IC **did not** manually place call—as indicated above, ("**a.** -_" - "on or around date" ["at or about time"] to Valle.

**7.6** IC was never given prior invitation or permission by the Consumer to call him at the number(s) at issue.

**7.7** IC' calls were not an emergency.

**7.8** IC's communications delivered -

**a.** prerecorded message announcing, *"..important business matters...."* or otherwise the Consumer heard a pause that then featured no responsive human interaction within 2 – 8 seconds of answering.

**b.** did not provide the Consumer any identifiers—name of caller, entity on whose behalf the call is being made.

**7.9** **IC's** was at all time material in the practice of restricting the Consumer from -

**a.** a means [phone number or automated opt out] by which he could request a cessation of violative/unwanted calls.

**b.** identifying—the name of caller and/or entity on whose behalf the call is being made.

**7.10** **IC's** ADAD permit number is **070107**.

**7.11** The Consumer attempted to greet **IC** on a **minimum** of ***23*** separate occasions.

**7.12** IC placed a **minimum** of ***44*** calls to the Consumer.

**7.13** Upon reasonable suspicion, **IC** placed several calls to the Consumer from undisclosed locations wherein the Consumer's phone could not determine the identity of the inbound caller-- **IC.**

## VIII. FACTUAL ALLEGATIONS – CHOICE

**8.1** The Consumer alleges and incorporates the information in preceding paragraphs.

**8.2** At all time material, **CHOICE** originated text[s] from phone number(s) **860-248-4141** and/or **860-517-8041.**

**8.3** **CHOICE** is liable for any action(s) of its employees committed within the scope and line of their employment.

**8.4** **CHOICE** placed calls/texts to Valle – ("**a** -_" - "on or around date" ["at or about time"]) incorporated to each of the following -



Nelson Valle
80 State House Square #125
Hartford, CT 06123
860-212-0794
profiler@hush.ai

| | | | |
|---|---|---|---|
| 1. 03 28 14 [5:01 PM] | 2. 04 09 14 [2:00 PM] | 3. 04 22 14 [5:02 PM] | 4. 05 06 14 [1:00 PM] |
| 5. 05 17 14 [4:37 PM] | 6. 05 19 14 [2:06 PM] | 7. 06 06 14 [1:56 PM] | 8. 07 11 14 [12:49 PM] |
| 9. 07 18 14 [4:20 PM] | 10. 08 09 14 [3:11 PM] | 11. 08 23 14 [1:42 PM] | 12. 09 25 14 [2:41 PM] |
| 13. 10 24 14 [1:05 PM] | 14. 10 30 14 [2:35 PM] | 15. 11 04 14 [7:50 PM] | 16. 11 07 14 [2:52 PM] |
| 17. 11 14 14 [4:18 PM] | 18. 11 21 14 [2:48 PM] | 19. 12 18 14 [2:35 PM] | 20. 01 16 15 [4:05 PM] |
| 21. 01 30 15 [3:29 PM] | 22. 02 25 15 [3:54 PM] | 23. 03 13 15 [3:04 PM] | 24. 05 14 15 [11:59 PM] |
| 25. 05 28 15 [3:23 PM] | 26. 06 11 15 [2:16 PM] | | |

**8.5** **CHOICE <u>did not</u>** manually place call—as indicated above, ("**a.** -_" - "on or around date" ["at or about time"] to Valle.

**8.6** **CHOICE'** *communications delivered solicitations to locate customers or potential* customs by promoting company specials. **(Ex. B at #2)**[15]

**8.7** **CHOICE** was never given prior invitation or permission by the Consumer to text Valle at the number(s) at issue.

**8.8** **CHOICE's** calls were not an emergency.

**8.9** **CHOICE** placed a **<u>minimum</u>** of ***26*** unsolicited texts to the Consumer.

## IX. <u>FACTUAL ALLEGATIONS – GC</u>

**9.1** The Consumer alleges and incorporates the information in preceding paragraphs.

**9.2** At all time material, **GC** originated calls from phone number(s) **865-687-1748** and/or **855-446-2108** and/or **713-300-7888** and/or **207-6970**.

**9.3** **GC** is liable for any action(s) of its employees committed within the scope and line of their employment.

**9.4** **GC** placed calls to Valle – ("**a** -_" - "on or around date" ["at or about time"]) incorporated to each of the following -

| | | | |
|---|---|---|---|
| 1. 04 16 14 [9:33 AM] | 2. 04 16 14 [9:34 AM] | 3. 04 16 14 [4:25 PM] | 4. 04 17 14 [9:29 AM] |
| 5. 04 21 14 [11:31 AM] | 6. 04 24 14 [8:22 AM] | 7. 05 14 14 [8:33 AM] | 8. 05 15 14 [8:28 AM] |
| 9. 05 20 14 [8:56 AM] | 10. 05 23 14 [8:29 AM] | 11. 05 27 14 [8:55 AM] | 12. 05 30 14 [8:30 AM] |
| 13. 06 03 14 [4:44 PM] | 14. 06 11 14 [6:05 PM] | 15. 06 18 14 [7:08 PM] | 16. 06 30 14 [8:27 AM] |
| 17. 07 08 14 [9:52 AM] | 18. 07 14 14 [8:28 AM] | 19. 07 22 14 [9:12 AM] | |

**9.5** **GC <u>did not</u>** manually place call—as indicated above, ("**a.** -_" - "on or around date" ["at or about time"] to Valle.

**9.6** **GC** was never given prior invitation or permission by the Consumer to call him at the number(s) at issue.

**9.7** **GC's** calls were not an emergency.

**9.8** **GC's** communications delivered -

**a.** prerecorded message announcing, *"this call maybe recorded for training purposes."* or otherwise heard a pause that then featured no responsive human interaction within 3 – 4

[15] Example of call received.



Nelson Valle
80 State House Square #125
Hartford, CT 06123
860-212-0794
profiler@hush.ai

seconds of answering.

**9.9** **GC's** was at all time material in the practice of restricting the Consumer from -

**a.** a means [phone number or automated opt out] by which he could request a cessation of violative/unwanted calls.

**b.** identifying—the name of caller and/or entity on whose behalf the call is being made.

**9.10** **GC's** ADAD permit number is **060375**.

**9.11** The Consumer attempted to greet **GC** on a **minimum** of ***5*** separate occasions.

**9.12** **GC** placed a **minimum** of ***19*** calls to the Consumer.

**9.13** Upon reasonable suspicion, **GC** placed several calls to the Consumer from undisclosed locations wherein the Consumer's phone could not determine the identity of the inbound caller—**GC.**

## X. FACTUAL ALLEGATIONS – ENHANCED

**10.1** The Consumer alleges and incorporates the information in preceding paragraphs.

**10.2** At all time material, **ENHANCED** originated calls from phone number(s) **401-406-3921. (Ex. B at #1)**[16]

**10.3** **ENHANCED** is liable for any action(s) of its employees committed within the scope and line of their employment.

**10.4** **ENHANCED** placed calls to Valle – ("**a** -_" - "on or around date" ["at or about time"]) incorporated to each of the following -

| 1. 08 10 15 [12:00 PM] | 2. 08 15 15 [03:25 PM] | 3. 08 17 15 [08:55 AM] | 4. 08 19 15 [01:01 PM] |
|---|---|---|---|
| 5. 08 20 15 [10:27 PM] | 6. 08 21 15 [10:04 PM] | 7. 08 22 15 [10:25 AM] | 8. 08 24 15 [08:51 AM] |
| 9. 08 25 15 [10:12 AM] | 10. 08 26 15 [10:45 AM] | 11. 08 27 15 [10:44 AM] | 12. 08 28 15 [08:21 AM] |
| 13. 08 29 15 [11:06 AM] | 14. 08 31 15 [06:15 PM] | 15. 09 02 15 [08:38 AM] | 16. 09 04 15 [09:09 AM] |
| 17. 09 05 15 [11:59 AM] | 18. 09 09 15 [09:06 AM] | 19. 09 11 15 [08:21 AM] | 20. 09 16 15 [09:22 AM] |
| 21. 09 18 15 [10:51 AM] | 22. 09 21 15 [09:58 AM] | 23. 09 23 15 [12:22 PM] | 24. 09 26 15 [09:00 AM] |
| 25. 10 05 15 [01:24 PM] | 26. 10 07 15 [09:23 AM] | 27. 10 09 15 [10:08 AM] | 28. 10 12 15 [12:26 PM] |
| 29. 10 14 15 [11:24 AM] | 30. 10 16 15 [09:44 AM] | 31. 10 21 15 [09:38 PM] | 32. 10 23 15 [09:53 AM] |

**10.5** **ENHANCED** **did not** manually place call—as indicated above, ("**a.** -_" - "on or around date" ["at or about time"] to Valle.

**10.6** **ENHANCED** was never given prior invitation or permission by the Consumer to call him at the number(s) at issue.

**10.7** **ENHANCED's** calls were not an emergency.

**10.8** **ENHANCED's** communications delivered -

**a.** prerecorded message announcing, *"this call maybe recorded for training purposes."*

[16] Example of call received.



Nelson Valle
80 State House Square #125
Hartford, CT 06123
860-212-0794
profiler@hush.ai

or otherwise heard a pause that then featured no responsive human interaction within 3 – 4 seconds of answering.

**10.9** **ENHANCED's** was at all time material in the practice of restricting the Consumer from -

**a.** a means [phone number or automated opt out] by which he could request a cessation of violative/unwanted calls.

**b.** identifying—the name of caller and/or entity on whose behalf the call is being made.

**10.10** **ENHANCED** ADAD permit number is **120030.**

**10.11** The Consumer attempted to greet **ENHANCED** on a **minimum** of ***4*** separate occasions.

**10.12** **ENHANCED** placed a **minimum** of ***32*** calls to the Consumer.

**10.13** Upon reasonable suspicion, **ENHANCED** placed several calls to the Consumer from undisclosed locations wherein the Consumer's phone could not determine the identity of the inbound caller—**ENHANCED**.

## XI. FACTUAL ALLEGATIONS – CONVERGENT

**11.1** The Consumer alleges and incorporates the information in preceding paragraphs.

**11.2** At all time material, **CONVERGENT** originated calls from phone number(s) **203-937-2887** and/or **203-937-2863** and/or **203-937-2870**. **(Ex. B at #3)**[17]

**11.3** **CONVERGENT** is liable for any action(s) of its employees committed within the scope and line of their employment.

**11.4** **CONVERGENT** placed calls to Valle – ("**a** -_" - "on or around date" ["at or about time"]) incorporated to each of the following -

| 1. 09.26.16 [12:39 PM] | 2. 10.03.16 [08:55 PM] | 3. 10.04.16 [05:26 PM] | 4. 10.25.16 [03:43 PM] |
|---|---|---|---|
| 5. 10.28.16 [06:08 PM] | 6. 10.31.16 [06:03 PM] | 7. 11.03.16 [01:40 PM] | 8. 11.10.16 [01:11 PM] |
| 9. 11.18.16 [10:15 AM] | 10. 11.23.16 [09:54 AM] | 11. 11.23.16 [07:32 PM] | 12. 11.25.16 [02:20 PM] |
| 13. 11.28.16 [09:45 AM] | 14. 11.28.16 [02:04 PM] | 15. 11.29.16 [12:12 PM] | 16. 11.29.16 [03:26 PM] |
| 17. 11.30.16 [10:25 AM] | 18. 12.01.16 [10:35 AM] | 19. 12.02.16 [10:27 AM] | 20. 12.02.16 [02:09 PM] |
| 21. 12.05.16 [12:34 PM] | 22. 12.06.16 [11:17 AM] | 23. 01.06.17 [11:24 AM] | 24. 01.26.17 [06:02 PM] |
| 25. 03.21.17 [01:45 PM] | 26. 03.21.17 [01:45 PM] | 27. 03.28.17 [05:34 PM] | |

**11.5** **CONVERGENT** **did not** manually place call—as indicated above, ("**a.** -_" - "on or around date" ["at or about time"] to Valle.

**11.6** **CONVERGENT** was never given prior invitation or permission by the Consumer to call him at the number(s) at issue.

**11.7** **CONVERGENT's** calls were not an emergency.

**11.8** **CONVERGENT's** communications delivered -

**a.** prerecorded message announcing, *"hello please hold"* and/or *"this call maybe recorded for quality assurance."* or otherwise heard a pause that then featured no responsive human interaction within 3 – 15 seconds of answering. (also)

[17]Example of call[s] received.



Nelson Valle
80 State House Square #125
Hartford, CT 06123
860-212-0794
profiler@hush.ai

**b.** directed Consumer to call "Convergent Outsourcing...at 877-495-0400." Without specifying who they were attempting to reach.

**11.9 CONVERGENT's** *was at all time material in the practice of restricting the Consumer* from - **a.** a means [phone number or automated opt out] by which he could request a cessation of violative/unwanted calls.

**b.** identifying—the name of caller and/or entity on whose behalf the call is being made.

**11.10 CONVERGENT's** ADAD permit number is **160002.**

**11.11** The Consumer attempted to greet **CONVERGENT** on a **minimum** of ***7*** separate occasions.

**11.12 CONVERGENT** placed a **minimum** of ***27*** calls to the Consumer.

**11.13** *Upon reasonable suspicion,* **CONVERGENT** *placed several calls to the Consumer from* undisclosed locations wherein the Consumer's phone could not determine the identity of the inbound caller—**CONVERGENT**.

## XII. FACTUAL ALLEGATIONS – AARONS

**12.1** The Consumer alleges and incorporates the information in preceding paragraphs.

**12.2** At all time material, **AARONS** originated calls from phone number(s) **860-423-9730** and/or **860-423-5983** and/or **860-568-0176** and/or **860-568-0126** and/or **860-423-0243** and/or **860-568-5003.**

**12.3 AARONS** is liable for any action(s) of its employees committed within the scope and line of their employment.

**12.4 AARONS** placed calls to Valle – ("**a** -_" - "on or around date" ["at or about time"]) incorporated to each of the following -

| 1. 05 02 14 [07:55 PM] | 2. 05 03 14 [09:38 AM] | 3. 05 05 14 [10:19 AM] | 4. 06 04 14 [09:45 AM] |
|---|---|---|---|
| 5. 07 03 14 [02:57 PM] | 6. 07 05 14 [09:32 AM] | 7. 08 11 14 [02:31 PM] | 8. 08 13 14 [11:47 AM] |
| 9. 08 15 14 [10:15 AM] | 10. 08 16 14 [10:10 AM] | 11. 08 20 14 [09:38 AM] | 12. 08 20 14 [07:07 PM] |
| 13. 08 23 14 [09:02 AM] | 14. 08 25 14 [09:21 AM] | 15. 08 26 14 [12:42 PM] | 16. 08 26 14 [05:36 PM] |
| 17. 08 28 14 [08:47 PM] | 18. 08 29 14 [08:18 PM] | 19. 09 02 14 [11:12 AM] | 20. 09 02 14 [11:46 PM] |
| 21. 09 02 14 [06:35 PM] | 22. 09 03 14 [11:54 AM] | 23. 09 04 14 [05:46 PM] | 24. 09 05 14 [12:24 PM] |
| 25. 09 08 14 [08:35 PM] | 26. 09 15 14 [05:18 PM] | 27. 09 19 14 [12:59 PM] | 28. 09 25 14 [04:45 PM] |
| 29. 11 03 14 [04:09 PM] | 30. 11 04 14 [10:49 AM] | 31. 11 04 14 [07:57 PM] | 32. 11 05 14 [10:14 AM] |
| 33. 12 02 14 [07:56 PM] | 34. 12 03 14 [09:34 AM] | 35. 6 20 16 [4:07 PM] | |

**12.5 AARONS** **did not** manually place call—as indicated above, ("**a.** -_" - "on or around date" *["at or about time"] to Valle.*

**12.6 AARONS** was never given prior invitation or permission by the Consumer to call him at the number(s) at issue.

**12.7 AARONS** calls were not an emergency.



Nelson Valle
80 State House Square #125
Hartford, CT 06123
860-212-0794
profiler@hush.ai

**12.8 AARONS'** communications delivered -

**a.** prerecorded messages with a commercial like background or otherwise heard a pause that then featured no responsive human interaction within 2 seconds of answering.

**b.** solicitations to locate customers or potential customs by promoting company specials.

**12.9 AARONS** was at all time material in the practice of restricting the Consumer from -

**a.** a means [phone number or automated opt out] by which he could request a cessation of violative/unwanted calls.

**12.10** The Consumer attempted to greet **AARONS** on a **minimum** of ***9*** separate occasions.

**12.11** Between August 11th 2014 and November 3rd 2014, the Consumer was able to reach agent/ employee(s) of **AARONS**, to which Valle informed said agent/employee(s) that the customers or potential customer[s]—Amard and/or Christopher were not reachable at the called number.

**12.12 AARONS** placed a **minimum** of ***35*** calls to the Consumer.

**12.13** Upon reasonable suspicion, **AARONS** placed several calls to the Consumer from undisclosed locations wherein the Consumer's phone could not determine the identity of the inbound caller—**AARONS.**

## XIII. FACTUAL ALLEGATIONS – CBE

**13.1** The Consumer alleges and incorporates the information in preceding paragraphs.

**13.2** At all time material, **CBE** originated calls from phone number(s) **913-279-0780** and/or **515-954-7698** and/or **319-242-7353** and/or **913-232-2506** and/or **877-224-6529** and/or **319-242-7354.**

**13.3 CBE** is liable for any action(s) of its employees committed within the scope and line of their employment.

**13.4 CBE** placed calls to Valle – ("**a** -_" - "on or around date" ["at or about time"]) incorporated to each of the following -

| 1. 03/24/14 [8:47 AM] | 2. 03/25/14 [3:36 PM] | 3. 03/28/14 [6:08 PM] | 4. 04/07/14 [12:06 PM] |
|---|---|---|---|
| 5. 04/15/14 [5:57 PM] | 6. 04/15/14 [5:58 PM] | 7. 04/18/14 [12:04 PM] | 8. 04/18/14 [12:07 PM] |
| 9. 04/23/14 [5:50 PM] | 10. 04/24/14 [4:21 PM] | 11. 04/24/14 [8:22 PM] | 12. 04/26/14 [6:15 PM] |
| 13. 04/26/14 [6:18 PM] | 14. 04/29/14 [7:25 PM] | 15. 04/29/14 [7:27 PM] | 16. 04/30/14 [2:10 PM] |
| 17. 04/30/14 [6:27 PM] | 18. 05/03/14 [10:14 AM] | 19. 05/03/14 [10:14 AM] | 20. 05/07/14 [9:04 AM] |
| 21. 05/07/14 [9:04 AM] | 22. 05/07/14 [5:13 PM] | 23. 05/07/14 [5:13 PM] | 24. 05/12/14 [9:04 AM] |
| 25. 05/12/14 [9:04 AM] | 26. 05/16/14 [10:04 AM] | 27. 05/16/14 [10:04 AM] | 28. 05/20/14 [10:05 AM] |
| 29. 05/20/14 [3:09 PM] | 30. 05/20/14 [3:10 PM] | 31. 05/27/14 [10:03 AM] | 32. 05/27/14 [3:06 PM] |
| 33. 05/31/14 [10:11 AM] | 34. 06/04/14 [9:10 AM] | 35. 06/04/14 [5:21 PM] | 36. 06/06/14 [7:29 PM] |
| 37. 06/09/14 [3:37 PM] | 38. 06/09/14 [8:33 PM] | 39. 06/13/14 [12:04 PM] | 40. 06/13/14 [12:02 PM] |
| 41. 06/19/14 [11:08 AM] | 42. 06/19/14 [11:08 AM] | 43. 06/19/14 [4:19 PM] | 44. 06/19/14 [4:19 PM] |
| 45. 07/03/14 [6:44 PM] | 46. 07/15/14 [7:48 PM] | 47. 07/17/14 [7:38 PM] | 48. 10/23/14 [8:04 AM] |
| 49. 10/24/14 [2:18 PM] | 50. 10/25/14 [11:19 AM] | 51. 10/27/14 [4:36 PM] | 52. 10/28/14 [5:46 PM] |
| 53. 10/31/14 [9:12 AM] | 54. 11/03/14 [7:08 PM] | 55. 11/04/14 [9:08 AM] | 56. 11/05/14 [5:22 PM] |
| 57. 11/19/14 [10:11 AM] | 58. 11/19/14 [2:23 PM] | 59. 11/20/14 [10:34 AM] | 60. 11/20/14 [8:39 PM] |
| 61. 05/19/15 [7:53 PM] | 62. 05/20/15 [4:44 PM] | | |



Nelson Valle
80 State House Square #125
Hartford, CT 06123
860-212-0794
profiler@hush.ai

**13.5** **CBE did not** manually place call—as indicated above, ("**a.** -_" - "on or around date" ["at or about time"] to Valle.

**13.6** **CBE** was never given prior invitation or permission by the Consumer to call him at the number(s) at issue.

**13.7** **CBE's** calls were not an emergency.

**13.8** **CBE's** communications delivered -

**a.** prerecorded message announcing, *"this call maybe recorded for training purposes."* or otherwise the Consumer heard a pause that then featured no responsive human interaction within 3 – 15 seconds of answering.

**13.9** **CBE's** was at all time material in the practice of restricting the Consumer from -

**a.** a means [phone number or automated opt out] by which he could request a cessation of violative/unwanted calls.

**b.** identifying—the name of caller and/or entity on whose behalf the call is being made.

**13.10** **CBE's** ADAD permit number is **140024**.

**13.11** On behalf of **CBE**, Robert S. Kahler certified in a ADAD permit application that numbers **319-242-7353, 319-242-7354, 515-954-7698** and **913-279-0780** were numbers utilized by CBE for the placement of calls from specified locations. **(Ex. C)**[18]

**13.12** The Consumer attempted to greet **CBE** on a **minimum** of **7** separate occasions.

**13.13** **CBE** placed a **minimum** of **62** calls to the Consumer.

**13.14** Upon reasonable suspicion, **CBE** placed several calls to the Consumer from undisclosed locations wherein the Consumer's phone could not determine the identity of the inbound caller—**CBE.**

**XIV. CLAIM I – PROHIBITIVE CONDUCT AT TCPA SUB-PROVISION § 227(b)3**

**14.1** The Consumer alleges and incorporates the information in preceding paragraphs.

**14.2** Some of MRS's calls violated TCPA, § 227 *(b)(1)(b)* and has demonstrated a conduct that a reasonable person would find unfair.

***Applicable To ALL Defendant[s] And Plead As If Singularly Alleged To Each Defendant.***

**14.3** Defendants' phone calls appear to have violated the TCPA, *§227 (b)(1)(a)(iii)* and has demonstrated a conduct that a reasonable person would find unfair.

**14.4** **Summary of Damages.** Consumer seeks $500 *per* call *before* trebling.

[18] Partial application appended; Black Hawk IA, Polk IA and Wyandotte, KS respectively.



Nelson Valle
80 State House Square #125
Hartford, CT 06123
860-212-0794
profiler@hush.ai

## XV. CLAIM II – PROHIBITIVE CONDUCT AT TCPA SUB-PROVISION § 227(c)5

**15.1** The Consumer alleges and incorporates the information in preceding paragraphs.

***Applicable Exclusively To Defendant[s]--CHOICE And AARONS And Plead As if Singularly Alleged To Each of These Defendant[s].***

**15.2** Consumer's cell phone is registered in the federal do-not-call list prior to each communication alleged herein.

**15.3** Defendant has placed more than one telephone call to Plaintiff within 12-month period.

**15.4** Defendant, failed to honor Consumer's previous do-not-call request at 47 C.F.R. *§ 64.1200(d)(3)* or *-(6)*.

**15.5** **Summary of Damages.** Consumer seeks $500 *per* call *before* trebling.

## XVI. CLAIM III – VIOLATION OF CUTPA

**16.1** The Consumer alleges and incorporates the information in preceding paragraphs.

***Applicable Exclusively To Defendant[s]—CHOICE, CBE, ENHANCED, IC, AARON'S, and CONVERGENT And Plead As if Singularly Alleged To Each of These Defendant[s].***

**16.2** Defendant has participated in communications that sought to maximize profits at the expense of Consumer's privacy, time and mental tranquility—specifically, in attending the ringing of his phone.

**16.3** The Consumer has sustained *ascertainable losses* including but not limited to -

**a.** Loss of minutes/time usage on his limited phone minutes.

**b.** Loss of monies expended to research and investigate manners in which to protect his right to privacy—including but not limited to—document review, travel, paper, ink, certified mailings, etc.

**c.** Loss of product usage—product wear and tear, data space, etc. outrage, frustration, annoyance and irritability. All as a direct and proximate result of the Defendant.

**16.4** **Summary of Damages.** Consumer seeks $5000 in recovering absorbed expenses *per* liable Defendant or alternatively the maximum allowable commensurate with the the violations alleged which ever is greater.

## XVII. PRAYER

**17.1** ***Requested Relief,*** includes an **ORDER**—in favor of the Consumer, adjudging -

| | |
|---|---|
| ***a.*** | Monetary damages of $500 *per* violation pursuant to TCPA *§ 227(b)(3)(B) per* liable defendant. |
| ***b.*** | Treble damages of $1500 *per* violation pursuant to TCPA *§227(b)(3)(c) per* |



Nelson Valle
80 State House Square #125
Hartford, CT 06123
860-212-0794
profiler@hush.ai

| | |
|---|---|
| | violation after the first call. |
| *c.* | Monetary damages of $500 pursuant to TCPA *§ 227(c)(5)(B) per* violation *per* liable defendant. |
| *d.* | Treble damages of $1500 per violation pursuant to TCPA *§ 227(c)(5)(c) per* violation after the first call *per* liable defendant. |
| e. | Monetary damages of $5000 or most allowable pursuant to CUTPA § 42-*110(g)(a) per* liable defendant. |
| *f.* | Attorneys fees and litigation costs pursuant to CUTPA *§ 42-110(g)(d) per* liable defendant. |
| *g.* | Any such further relief as the Court may deem equitable under the circumstances. |

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.





Nelson Valle
80 State House Square #125
Hartford, CT 06123
860-212-0794
profiler@hush.ai